**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

NDG FINANCIAL CORP., et al.,

Defendants.

15-cv-5211 (CM)

**MEMORANDUM OF LAW IN SUPPORT OF SAGEWOOD HOLDINGS, LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Richard F. Hans
richard.hans@dlapiper.com
Constance C. Tse
connie.tse@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel. (212) 335-4500
Fax (212) 335-4501

Benjamin S. Boyd, *of counsel*
benjamin.boyd@dlapiper.com
J.H. Jennifer Lee, *of counsel*
jenny.lee@dlapiper.com
DLA PIPER LLP (US)
500 8th Street, NW
Washington, DC 20004
Tel. (202) 799-4000
Fax (202) 799-5000

Dated: November 17, 2015

*Attorneys for Sagewood Holdings, Ltd.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................1

FACTUAL BACKGROUND ....................1

ARGUMENT ....................3

I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ....................3

A. Asserting General Jurisdiction Over Sagewood Would Violate Due Process ....................3

B. The Bureau's Allegations Contain No Basis for Specific Jurisdiction ....................5

C. Personal Jurisdiction Over Sagewood Does Not Otherwise Exist Based On Its Alleged Relationship With Its Co-Defendants ....................7

1. The "Common Enterprise" Allegation Does Not Cure Jurisdictional Defects ....................7

2. Assuming The Complaint Pursues An Agency-Based Jurisdiction Theory, That Effort Is Fatal as Well ....................8

II. Plaintiff Is Not Entitled to Jurisdictional Discovery ....................10

CONCLUSION ....................11

## Table of Authorities

Page(s)

*Advanced Med. & Alternative Care v. N.Y. Energy Sav. Corp.*,
No. 9693/08, 2008 WL 5235390 (N.Y. Sup. Ct. Dec. 15, 2008) ....................10

*Asahi Metal Indus. Co. v. Superior Ct.*,
480 U.S. 102 (1987)....................1

*Burger King Corp. v. Rudzerwicz*,
471 U.S. 462 (1985)....................6

*Cortlandt St. Recovery Corp. v. Deutsche Bank AG*,
No. 14-CV-1568, 2015 WL 5091170 (S.D.N.Y. Aug. 28, 2015)....................5

*Daimler AG v. Bauman*,
134 S. Ct. 746, 761 (2014)....................4, 8, 9

*Havlish v. Royal*,
No. 13-CV-7074, 2014 WL 4828654 (S.D.N.Y. Sept. 24, 2014)....................9

*In re Aluminum Warehousing Antitrust Litig.*,
90 F. Supp. 3d 219 (S.D.N.Y. 2015)....................7, 8

*In re M/V MSC Falminia*,
No. 12-CV-8892, 2015 WL 1849714 (S.D.N.Y. Apr. 22, 2015) ....................9

*In re Terrorist Attacks on Sept. 11, 2011*,
718 F. Supp. 2d 456 (S.D.N.Y. 2010)....................6

*In re Terrorist Attacks on Sept. 11, 2011*,
714 F.3d 659 (2d Cir. 2013)....................3, 5

*J. McIntyre Mach., Ltd. v. Nicastro*,
131 S.Ct. 2780 (2011)....................10

*Jazini v. Nissan Motor Co., Ltd.*,
148 F.3d 181 (2d Cir. 1998)....................3, 8, 9, 10

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
693 F.3d 145 (2d Cir. 2012)....................1

*NewLead Holdings Ltd. v. Ironridge Global IV Ltd.*,
No. 14-CV-3945, 2014 WL 2619588 (S.D.N.Y. June 11, 2014)....................9, 10

*Newmarkets Partners LLC v. Oppenheim*,
638 F. Supp. 2d 394 (S.D.N.Y. 2009)....................7

*NovelAire Techs., L.L.C. v. Munters AB*,
No. 13-CV-472, 2013 WL 6182938 (S.D.N.Y. Nov. 21, 2013)..............................5, 6, 8, 9, 11

*Porter v. LSB Indus. Inc.*,
192 A.D.2d 205 (N.Y. App. Div. 4th Dep't 1993) ..................................................10

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
750 F.3d 221 (2d Cir. 2014)...............................................................................3, 4, 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)..................................................................................................1

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*,
751 F.2d 117 (2d Cir. 1984)........................................................................................9

*Walden v. Fiore*,
134 S. Ct. 1115 (2014).........................................................................................5, 6

Defendant Sagewood Holdings, Ltd. ("Sagewood") respectfully submits this memorandum of law in support of its motion to dismiss – with prejudice – the Complaint of plaintiff Consumer Financial Protection Bureau ("Plaintiff" or "Bureau"), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The Complaint fails to offer a demonstrable basis to exercise personal jurisdiction over Sagewood. "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 115 (1987) (citation omitted). The Bureau has not alleged any facts – and indeed none exist – that could establish either general or specific personal jurisdiction, as due process requires, over Sagewood. Sagewood – a company located in and organized under the laws of Canada – is an entity whose activities are in Canada or overseas. It has not engaged (and currently does not engage) in any activities in New York or conduct whatsoever aimed at New York. Due process demands a dismissal of the Complaint, with prejudice.

## FACTUAL BACKGROUND[1]

Sagewood is a private company organized under Canadian law with its principal place of business and sole location in Canada. (Compl. ¶¶ 31-32; *see also* Declaration of Peter Ash dated November 13, 2015 ("Ash Decl."), ¶¶ 3-4.) Sagewood has no office, employee, property, bank account, or operation in New York or – for that matter – anywhere in the United States.

[1] The well-pleaded allegations of the Complaint are assumed to be true solely for purposes of this motion to dismiss and only to the extent they are not contradicted by other allegations, documents incorporated in the Complaint by reference, or documents of which the Court can take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 149 n.1 (2d Cir. 2012).

(Ash Decl., ¶¶ 5-6.) It is not licensed or registered to do business in New York or the United States. (*Id.* ¶ 7.)

On July 2, 2015, the Bureau filed suit against ten defendants, including Sagewood, a foreign corporation, and asserted violations of the Consumer Financial Protection Act and the Credit Practices Rule based on the purported conduct of Sagewood's co-defendants. (Compl. ¶¶ 1-2; 44-70.) The Complaint alleges that the defendants "originate, service, and collect payday loans" (*id*. ¶ 1), but fails to allege any such conduct or specific acts by Sagewood. The Complaint broadly alleges that the defendants "operated as a common enterprise" which "has conducted its business practices through an interrelated network of companies that have common ownership, management, business functions, addresses, office space, and employees" (*id*. ¶¶ 38-39), but does not allege any facts which would support an assertion that Sagewood participated in such an enterprise.

Conspicuously absent from the Bureau's allegations are facts connecting Sagewood to New York in any way. The Complaint alleges no facts regarding how, when, or if Sagewood conducted business in New York or ever came into the state. This should not surprise: Sagewood never had any contacts or activities in New York. Faced with an absence of jurisdictional facts, the Complaint states first (as it does incorrectly) that Sagewood "controls a 50.1% share of NDG Financial" and is therefore a "related person" under the CFPA (*id.* ¶¶ 33-34), and second that Sagewood "shares its registered office mailing address [in Canada] with NDG Financial and E-Care." (*Id.* ¶ 31.)

Although the Bureau did not hesitate to allege in detail that other, foreign co-defendants' lending activities affected New York and U.S. consumers (*see, e.g.*, *id.* ¶¶ 9, 13, 15, 18, 44, 53-54), nowhere does the Bureau ever allege that Sagewood was present or otherwise engaged in

any conduct, occurrence, or event that could form the basis of an alleged violation of the federal consumer financial protection laws, nor does it allege that Sagewood engaged in any conduct or otherwise controlled, oversaw, or otherwise managed any of the affairs of others who engaged in purportedly violative activities. On the contrary, Sagewood does not take part in the day-to-day activities of the co-defendants or – for that matter – of Sagewood's subsidiaries. (Ash Decl. ¶ 8.) The gaping holes in the Bureau's Complaint mirror a plain reality: Sagewood simply did not conduct any affairs in, or have contacts with, New York or any state within the United States.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

To survive a motion to dismiss, a plaintiff must make a *prima facie* showing of personal jurisdiction – meaning, the Bureau must "include an averment of facts that . . . would suffice to establish jurisdiction over" Sagewood. *In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013). "[C]onclusory statements" that amount to a "restatement, with slight changes, of the legal standard" do not satisfy the requirements of a *prima facie* showing. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998). There are two types of personal jurisdiction – general and specific – and under either type, the Bureau fails to make a *prima facie* showing of personal jurisdiction.

#### A. Asserting General Jurisdiction Over Sagewood Would Violate Due Process.

The personal jurisdiction inquiry (whether general or specific) asks whether (1) the defendant is subject to jurisdiction under the law of the forum state and (2) exercise of jurisdiction comports with due process. *Sonera Holding B.V. v. Cukuraova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014). If a court determines that the exercise of personal jurisdiction

is incompatible with due process – as it is here – the court need not consider whether jurisdiction would be proper under state law. *Id.*

Under the Due Process clause, this Court may only assert general jurisdiction over Sagewood if its "affiliations with [New York] are so 'continuous and systematic' as to render it essentially at home in [New York]." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (citation omitted). The "paradigmatic bases" for determining where Sagewood is "at home" are its "place of incorporation and principal place of business." *Id.* at 760. Moreover, *Daimler* made clear that a foreign parent holding company may not be subject to general jurisdiction on the basis of the forum contacts of a subsidiary or affiliate unless the foreign corporation itself is "at home" in the jurisdiction. *Id.* at 759; *see also Sonera*, 750 F.3d at 226 (holding that regardless of whether contacts of a subsidiary should be imputed to a parent company, such contacts do nothing to "shift the company's primary place of business (or place of incorporation) away from Turkey.").

In *Sonera*, the Court of Appeals applied the "at home" test for general jurisdiction in *Daimler* to reverse the district court's decision finding jurisdiction and enforcing an arbitration award against the Turkish company, Cukurova. 750 F.3d at 225-226. Cukurova was organized under Turkish law, with its operations, properties, and assets predominantly located in Turkey. *Id.* at 226. The contacts of Cukurova's affiliates with New York did not shift the company's principal place of business or place of incorporation from Turkey. In light of *Daimler*, while substantial activities were conducted by Cukurova's affiliates in New York, Cukurova itself lacked sufficient contacts with New York to render it "at home" in the state. *Id.* The Court of Appeals concluded that Cukurova's contacts with New York "do not come close" to making it at

home in New York and the absence of such contacts was dispositive, regardless of the contacts of Cukurova's affiliates. *Id*.

Here, Plaintiff concedes, as it must, that Sagewood is incorporated under Canadian law and has its principal place of business and sole location in Canada. Compl. ¶¶ 31-32; Ash Decl. ¶¶ 3-4. So too with NDG and the other defendants – all of which are also incorporated and headquartered outside of the United States. *Id.* ¶¶ 7, 14, 17, 22-24, 26, 35. Whether any of the allegedly affiliated co-defendants ever operated or otherwise conducted business in New York does not and cannot render Sagewood at home in the state. Because Sagewood is clearly "at home" in Canada, and the alleged affiliates are not at home in New York either, there is no proper basis to assert general personal jurisdiction over Sagewood.

**B. The Bureau's Allegations Contain No Basis for Specific Jurisdiction.**

The Bureau fares no better asserting specific jurisdiction over Sagewood. To assert specific jurisdiction, the cause of action must relate to or arise out of the defendant's forum-related activities. *In re Terrorist Attacks*, 714 F.3d at 674. Moreover, as with general jurisdiction, "the mere presence of a subsidiary in New York does not elevate the parent corporation's contacts with the state to the requisite level" for specific jurisdiction. *NovelAire Techs., LLC v. Munters AB*, 2013 WL 6182938, at *10 (S.D.N.Y. Nov. 21, 2013) (McMahon, J.) (citation omitted); *see also Cortlandt St. Recovery Corp. v. Deutsche Bank AG*, 2015 WL 5091170, at *6 (S.D.N.Y. Aug. 28, 2015) (declining to impute subsidiary's contacts to its foreign parent for purposes of specific jurisdiction). Rather, "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. . . . [T]he relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis in original) (internal quotation marks omitted). Under the due process inquiry

into minimum contacts required to establish specific jurisdiction, "defendant's conduct . . . must form the necessary connection with the forum State that is the basis for its jurisdiction over [it]." *Id.* at 1122.

Plaintiff has alleged no such conduct. No connection to New York is alleged, or even implied, in the Complaint with respect to Sagewood. The Bureau alleges *no* facts regarding whether Sagewood has ever conducted activities within or took any actions in relation to New York, and much less any suit-related conduct that could possibly create a "substantial connection" between Sagewood and New York, or any of the states in the United States. *Walden*, 134 S. Ct. at 1121. Because Sagewood has done nothing, and is not alleged to have done anything, to "purposefully avail[] [itself] of the privilege of conducting activities within the forum state," it cannot be subject to jurisdiction in this Court. *See Burger King Corp. v. Rudzerwicz*, 471 U.S. 462, 475 (1985); *see also In re Terrorist Attacks*, 718 F. Supp. 2d 456, 478 (S.D.N.Y. 2010); *NovelAire*, 2013 WL 6182938, at *11 (no basis for specific jurisdiction exists where plaintiff alleges no suit-related action taken by foreign defendant in New York). Given Plaintiff's failure to explain any nexus between New York and its claims against Sagewood – and the total absence of any contact between the forum and Sagewood – the Complaint should be dismissed for lack of specific jurisdiction as well.

### C. Personal Jurisdiction Over Sagewood Does Not Otherwise Exist Based On Its Alleged Relationship With Its Co-Defendants.

Plaintiff has failed to meet its onus to demonstrate a *prima facie* showing that would support the exercise of personal jurisdiction over Sagewood. Plaintiff cannot remedy such failure by proffering vague allegations of some amorphous "common enterprise" in which Sagewood participated.

#### 1. The "Common Enterprise" Allegation Does Not Cure Jurisdictional Defects.

This Court recently held that such bald and conclusory allegations – such as the common enterprise allegations in the Complaint – do not provide a standalone basis for establishing personal jurisdiction. *In re Aluminum Warehousing Antitrust Litig*., 90 F. Supp. 3d 219, 227 (S.D.N.Y. 2015) ("The rules and doctrines applicable to personal jurisdiction are sufficient without the extension of the law to a separate and certainly nebulous 'conspiracy jurisdiction' doctrine"); *see also Newmarkets Partners LLC v. Oppenheim*, 638 F. Supp. 2d 394, 403 (S.D.N.Y. 2009) (declining to assert personal jurisdiction over parent company where there are no allegations that the parent committed any tortious acts within New York and plaintiffs have not alleged sufficient facts regarding a conspiracy).

In *In re Aluminum Warehousing*, plaintiffs argued that the court had personal jurisdiction over several foreign corporations based on their purported involvement in a worldwide conspiracy to fix aluminum prices. 90 F. Supp. 3d at 227, 230. The Court dismissed outright the concept of "conspiracy jurisdiction," concluding that "there really is no separate doctrine supporting [it,] . . . jurisdiction is either appropriate under existing jurisdictional principles, or it is not." *Id.* at 227, 231-232. Applying those principles, the Court found insufficient allegations that a defendant was a member of a committee that set the rules for aluminum warehousing (alleged to be the "key instrumentality of the conspiracy") and received emails relating to the

subject of the conspiracy. *Id.* at 232-234. The Court reasoned that these facts "alone cannot constitute the necessary purposeful availment of the laws of the U.S. or action directed at the U.S. to support jurisdiction." *Id.* at 234. Rather, plaintiffs "would need to allege and have facts supporting [the defendant] taking specific actions . . . in which the unlawful conspiracy was furthered in some manner." *Id.*

As in *Warehousing*, the Complaint's jurisdictional facts here similarly fall short. One conclusory allegation of Sagewood and a "common enterprise" amounts to an ineffectual attempt to manufacture personal jurisdiction where none exists. Compl. ¶ 38. Given the Complaint at hand – which is devoid of any allegations that Sagewood directed its activities to New York – standalone theories of conspiracies or common enterprises do not permit the Plaintiff to sidestep the necessary showing of purposeful availment and contacts in New York. Even if they could, the Bureau fails – in any event – to sufficiently allege that Sagewood was in a common enterprise at all, let alone that Sagewood's actions specifically furthered one. The Complaint cannot withstand dismissal under existing jurisdictional principles and fails to make a *prima facie* showing why this Court should disregard Sagewood's status as a distinct and separate entity and consider all defendants as a single enterprise for jurisdictional purposes. It should not.

#### 2. Assuming The Complaint Pursues An Agency-Based Jurisdiction Theory, That Effort Is Fatal as Well.

The Complaint's mere allegation of a corporate relationship between Sagewood and NDG, *see* Compl. ¶ 33, without more, is fatal to any suggestion that some theory of agency would support jurisdiction. When assessing whether jurisdiction exists, courts look to whether the subsidiary is acting as an "agent" for the parent, or whether the parent's control is so complete that the subsidiary is a "mere department" of the parent. *Jazini*, 148 F.3d at 184; *NovelAire*, 2013 WL 6182938, at *5.

Plaintiff's sparse allegations do not support a finding of an agency relationship between Sagewood and the other defendants.[2] Nor does Plaintiff allege that NDG is a mere department of Sagewood. In order to adequately demonstrate that a subsidiary is a department of its parent, New York courts consider four factors: (1) common ownership; (2) financial dependency of the subsidiary on the parent corporation; (3) the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities, and (4) the degree of control over the marketing and operational policies of the subsidiary exercised by the parent. *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120-122 (2d Cir. 1984); *see also Jazini*, 148 F.3d at 184-185. It is noteworthy that, even where common ownership exists, jurisdiction is only proper "when the activities of the parent show a disregard for the separate corporate existence of the subsidiary." *Beech*, 751 F.2d at 120; *see also NewLead Holdings Ltd. v. Ironridge Global IV Ltd.*, 2014 WL 2619588, at *4 (S.D.N.Y. June 11, 2014); *Havlish v. Royal*, 2014 WL 4828654 (S.D.N.Y. Sept. 24, 2014) ("The mere fact that [the parent] has an ownership interest in its U.S. subsidiaries does not establish that its subsidiaries are its agents or mere departments.").

[2] The continued viability of New York's traditional agency-based jurisdiction analysis under federal due process is in question. *Daimler* "expressed doubts as to the usefulness of an agency analysis . . . that focuses on a forum-state affiliate's importance to the defendant." *Sonera*, 750 F.3d at 225. "[T]he inquiry into importance stacks the deck, for it will always yield a pro-jurisdiction answer. " *Daimler*, 134 S. Ct. at 759; *see also In re M/V MSC Falminia*, 2015 WL 1849714 (S.D.N.Y. Apr. 22, 2015) (rejecting plaintiff's agency theory of jurisdiction). Even if New York agency-based jurisdiction theory remained viable after *Daimler*, Plaintiff cannot succeed on any agency theory of imputed personal jurisdiction – either general or specific. To establish agency, plaintiff must show that the subsidiary "does all the business which the parent corporation could do were it here by its own officials." *Jazini*, 148 F.3d at 184 (citation omitted). Further, "in order for a sufficient agency to be found for jurisdictional purposes, the agent must be a *substantial participant* in the defendant's actual business and have the *discretion and authority to bind* the defendant." *NovelAire*, 2013 WL 6182938, at *5 (citation and quotation marks omitted) (emphasis in original). Plaintiff does not – and cannot – allege any such facts as to Sagewood.

Three of the four factors identified above are demonstrably absent. Plaintiff has not alleged them, and there is no reason to believe it could amend in good faith to do so. Plaintiff alleges only that Sagewood "controls a 51% share" of NDG[3] and shares a registered mailing address with NDG, but such allegations are entirely insufficient in themselves to show that NDG is a department of Sagewood. *See NewLead*, 2014 WL 2619588, at *4 ("While there is common ownership, that alone is not enough to establish jurisdiction, and there is no evidence as to the remaining factors."); *Advanced Med. & Alternative Care v. N.Y. Energy Sav. Corp.*, 2008 WL 5235390, at *7 (N.Y. Sup. Ct. Dec. 15, 2008) ("the sharing of an address . . . does not establish that [the subsidiary] is not a separate corporate entity from [the parent]."); *Porter v. LSB Indus. Inc.*, 192 A.D.2d 205, 214 (N.Y. App. Div. 4th Dep't 1993) (no evidence presented concerning a lack of corporate formalities or control by the parent of the subsidiary's policies or operations). Given the absence of any other factual allegations to support financial dependency or the disregard of corporate formalities, NDG cannot be deemed a "mere department" of Sagewood. For these reasons, there is no viable path through which the Bureau could demonstrate, based on the facts alleged, that this Court has personal jurisdiction over Sagewood.

## II. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY.

Beyond the sheer failure of the Complaint to set forth a *prima facie* basis to establish personal jurisdiction over Sagewood, the Complaint also fails to offer any basis or suggest even the remotest facts that would warrant jurisdictional discovery. Jurisdictional discovery is inappropriate where Plaintiff relies upon conclusory allegations to support personal jurisdiction. *Jazini*, 148 F. 3d at 185-86. Thus, because Plaintiff has failed to put forward even the faintest

[3] Plaintiff alleges that Sagewood is a "related person" by virtue of this ownership stake, *see* Compl. ¶ 34. But this is irrelevant. The standards for substantive liability present considerations that are different from those of personal jurisdiction. *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2790 (2011).

showing of general or specific jurisdiction against Sagewood, such discovery here would be nothing more than an inappropriate "fishing expedition." *Novelaire*, 2013 WL 6182938, at *13 ("if plaintiff offers only speculations or hopes . . . that further connections to [the forum] will come to light in discovery, the court should dismiss the complaint without allowing discovery.") (citations and internal quotations omitted).

**CONCLUSION**

For the foregoing reasons, Sagewood respectfully requests that the Court find that personal jurisdiction over Sagewood does not exist, and dismiss all claims against Sagewood with prejudice.

Dated: New York, New York
November 17, 2015

DLA PIPER LLP (US)

By: /s/ Richard F. Hans

Richard F. Hans
richard.hans@dlapiper.com
Constance C. Tse
connie.tse@dlapiper.com
1251 Avenue of the Americas
New York, New York 10020
Tel. (212) 335-4500
Fax (212) 335-4501

Benjamin S. Boyd, *of counsel*
benjamin.boyd@dlapiper.com
J.H. Jennifer Lee, *of counsel*
jenny.lee@dlapiper.com
500 8th Street, NW
Washington, DC 20004
Tel. (202) 799-4000
Fax (202) 799-5000

*Attorneys for Sagewood Holdings, Ltd.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of November 2015, a copy of the foregoing memorandum of law was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Richard F. Hans
Richard F. Hans