**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CONSUMER FINANCIAL PROTECTION BUREAU,

*Plaintiff,*

v.

NDG FINANCIAL CORP., NORTHWAY FINANCIAL CORP., LTD., NORTHWAY BROKER, LTD., E-CARE CONTACT CENTERS, LTD., BLIZZARD INTERACTIVE CORP., NEW WORLD CONSOLIDATED LENDING CORP., NEW WORLD LENDERS CORP., PAYROLL LOANS FIRST LENDERS CORP., NEW WORLD RRSP LENDERS CORP., PETER ASH, SAGEWOOD HOLDINGS, LTD., KIMBERLY DETHOMAS, JEREMY SABOURIN, WILLIAM WRIXON,

*Defendants*,

PETER ASH, SAGEWOOD HOLDINGS, LTD., PAUL ASH, KNIGHTSBRIDGE HOLDINGS LTD., PAUL GREHAN, 0562752 B.C. LTD., KIMBERLY DETHOMAS, EMERALD WILLOW HOLDINGS, LTD., JEREMY SABOURIN, RED RIVER HOLDINGS COMPANY LTD., WILLIAM WRIXON, TWILLINGATE HOLDINGS LTD.,

*Relief Defendants*.

Civ. No. 1:15-cv-5211 (CM)

**MEMORANDUM OF LAW IN SUPPORT OF RELIEF DEFENDANTS PAUL GREHAN'S AND 0562752 B.C. LTD.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(2) AND 12(b)(6)**

LEVINE LEE LLP

Kenneth E. Lee
Katie G. Crane
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
klee@levinelee.com
kcrane@levinelee.com

*Attorneys for Relief Defendants Paul Grehan and 0562752 B.C. Ltd.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..... 1

FACTS ..... 3

ARGUMENT ..... 4

I. THE COURT LACKS PERSONAL JURISDICTION OVER THE GREHAN RELIEF DEFENDANTS ..... 4

A. This Court Cannot Exercise Personal Jurisdiction Over the Grehan Relief Defendants Under New York Law ..... 6

(1) General Jurisdiction Does Not Exist Under Section 301 ..... 6

(2) Specific Jurisdiction is Lacking Under New York's Long-Arm Statute ..... 7

B. The Exercise of Personal Jurisdiction Would Offend Due Process ..... 8

II. CFPB'S CAUSE OF ACTION FOR DISGORGEMENT IS TIME BARRED ..... 10

CONCLUSION ..... 11

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .... 10

*Ballard v. Walker,*
2013 WL 6501234 (S.D.N.Y. Dec. 11, 2013).... 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .... 10

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007). .... 7

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) .... 8, 9

*Consumer Fin. Prot. Bureau v. ITT Educ. Servs., Inc.,*
2015 WL 1013508 (S.D. Ind. Mar. 6, 2015) .... 11

*Daimler AG v. Bauman,*
__ U.S. __, 134 S. Ct. 746 (2014) .... 6, 7, 9

*Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen*,
2013 WL 1775440 (S.D.N.Y. Apr. 25, 2013).... 5, 9

*Gucci Am., Inc. v. Weizing Li*,
768 F.3d 122 (2d Cir. 2014).... 8, 9

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,*
326 U.S. 310 (1945) .... 5, 8

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44 (2d Cir. 1991).... 8

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,*
918 F.2d 1039 (2d Cir. 1990).... 6

*Molosky v. Washington Mut., Inc.*,
664 F.3d 109 (6th Cir. 2011).... 11

*Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.*,
2001 WL 1041990 (S.D.N.Y. Sept. 7, 2001) .... 7

*Porina v. Marward Shipping Co., Ltd.,*
521 F.3d 122 (2d Cir. 2008).... 4, 5

*Schultz v. Safra Nat. Bank of New York,*
377 Fed. Appx. 101 (2d Cir. 2010) .... 5

*Skidmore v. Led Zeppelin*,
106 F. Supp. 3d 581 (E.D. Pa. 2015) ........ 8, 9

*Spiegel v. Schulmann*,
604 F.3d 72 (2d Cir. 2010) ........ 5

*Tarsavage v. Citic Trust Co., Ltd.*,
3 F. Supp. 3d 137 (S.D.N.Y. 2014) ........ 9

*Whitaker v. Am. Telecasting, Inc.*,
261 F.3d 196 (2d Cir. 2001) ........ 4, 5

**Statutes**

12 U.S.C.A. § 5564(g)(1) ........ 2, 10

12 U.S.C.A. § 5481(9) ........ 10

12 U.S.C.A. § 5582 ........ 10

NY CPLR § 301 ........ 6

NY CPLR § 302(a) ........ 7

NY CPLR § 302(a)(1) ........ 7

NY CPLR § 302(a)(2) ........ 8

NY CPLR § 302(a)(3) ........ 8

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........ 1, 2, 10

Federal Rule of Civil Procedure 12(b)(2) ........ 1, 4, 10

**Regulations**

75 Fed. Reg. 57252-02 ........ 10

Relief Defendants Paul Grehan and 0562752 B.C. Ltd. ("0562752," collectively, the "Grehan Relief Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Consumer Financial Protection Bureau's (the "CFPB") First Amended Complaint ("Amended Complaint" or "Am. Compl.") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

The Grehan Relief Defendants should be dismissed from this case because the CFPB has failed to make a single allegation that would give rise to personal jurisdiction over either Grehan, a Canadian citizen and resident, or 0562752, a Canadian corporation doing business in Canada. As alleged in the Amended Complaint, the Grehan Relief Defendants sit at the very periphery of the CFPB's scattershot attempt to bring foreign parties under New York's jurisdiction.

The CFPB's own allegations refute any basis for personal jurisdiction. First, the Grehan Relief Defendants' only alleged connection to New York is Grehan's alleged "shareholder" status in 0562752 and 0562752's alleged ownership of 10.1% of shares in defendants NDG Financial Corp. ("NDG Financial") and New Northway S.A. ("New Northway"), the latter of which is not even named as a defendant. (Am. Compl. ¶¶ 97-98.) Such allegations are plainly insufficient to establish that the Grehan Relief Defendants engaged in continuous, permanent, and substantial activity in New York. Second, the CFPB fails to connect the Grehan Relief Defendants to any conduct allegedly directed at New York. Specifically, the CFPB does not allege that the Grehan Relief Defendants (i) took any particular actions related to the alleged consumer lending practices that serve as the basis for the Amended Complaint; or (ii) received any particular proceeds from any of the alleged improper consumer loan repayments within the statute of limitations. Absent any plausible allegation that the Grehan Relief Defendants are either at home in New York or that they engaged in activity aimed at the State, the CFPB has

failed to make a *prima facie* case of personal jurisdiction, and the Grehan Relief Defendants should therefore be dismissed from this case.

Even if the Court were to find that it has personal jurisdiction over the Grehan Relief Defendants, dismissal is still warranted because the relief asserted against them—disgorgement—is time barred. Pursuant to 12 U.S.C.A. § 5564(g)(1), the CFPB may not seek disgorgement of proceeds beyond the three-year statute of limitations. The Amended Complaint was filed on December 11, 2015; therefore, the CFPB may not seek disgorgement of any proceeds allegedly received by the Grehan Relief Defendants prior to December 11, 2012. The Amended Complaint does not contain a single allegation that either of the Grehan Relief Defendants received any proceeds that can be traced to allegedly improper consumer lending activities covered by the Consumer Finance Protection Act ("CFPA") on or after December 11, 2012.

While the substantive claims brought against the other defendants in this action have not been asserted against the Grehan Relief Defendants, dismissal of the CFPB's claims would consequently result in the dismissal of the relief sought from the Grehan Relief Defendants. Accordingly, while expressly reserving their rights regarding the lack of jurisdiction, the Grehan Relief Defendants join in arguments raised by the NDG and Sagewood Defendants in their respective motions concerning the CFPB's failure to state a claim under Rule 12(b)(6) and the CFPB's violation of the separation of powers. (*See* ECF Doc. Nos. 64-65, 67-68.)

For these reasons, the Court should dismiss the Amended Complaint against Grehan and 0562752 with prejudice.

**FACTS**[1]

The CFPB originally filed this action on July 2, 2015, and did not name the Grehan Relief Defendants. On December 11, 2015, the CFPB amended its original Complaint and added the Grehan Relief Defendants, seeking only disgorgement. The Amended Complaint alleges that Grehan was a "director and shareholder of 0562752," a Canadian corporate entity with a registered office in Vancouver, British Columbia, Canada, that in turn allegedly owned 10.1% shares of NDG Financial. (Am. Compl. ¶¶ 9-11, 95.) NDG Financial is alleged to have "owned, directly or indirectly, [] NDG Enterprise[2] corporations," including Northway Financial Corp. ("Northway"). (*Id.* ¶¶ 10.)

While the CFPB alleges that the Grehan Relief Defendants "materially participated in the affairs of the NDG Financial and the NDG Enterprise" (*id.* ¶ 99), it also alleges that such participation ceased in 2009. (*Id.* ¶ 230.) The CFPB alleges that, in 2009, ownership of the "commonly controlled companies" in the NDG Enterprise was consolidated under NDG Financial and New Northway S.A. ("New Northway") (*id.* ¶ 11)—entities that Grehan is not alleged to have had any direct ownership interest in, and that 0562752 is alleged to have owned only a 10.1% interest. It is further alleged by the CFPB that, in 2009, "comprehensive control" of the day-to-day management of the NDG Enterprise was ceded to Kimberly DeThomas, Jeremy Sabourin and William Wrixon. (*Id.* ¶¶ 212, 230-31.) The CFPB further alleges that, following transfer of the day-to-day operations in 2009, Grehan's involvement was limited to the collection of dividends and "strategic direction at the board level," without further elaboration.

---

1 For the purposes of this motion, facts as alleged in the Amended Complaint are presumed to be true. The Grehan Relief Defendants reserve the right to contest any allegations in the Amended Complaint.

2 According to the CFPB, "the NDG Enterprise includes a collection of commonly controlled companies located in Canada and Europe that function as a seamless unit to offer unlicensed and usurious payday loans over the Internet to US consumers." (Am. Compl. ¶ 7.)

(*Id.* ¶ 239.) As alleged, the Grehan Relief Defendants' connection to NDG Financial and New Northway ceased in 2013 when 0562752 transferred its alleged 10.1% ownership interest in the companies to Emerald Willow, Red River, and Twillingate. (*Id.* ¶ 111.)

This ownership structure—which the CFPB alleges terminated as to the Grehan Relief Defendants in 2013—serves as the sole basis for the CFPB's contention that the Grehan Relief Defendants "participated" in the consumer lending practices alleged to have taken place in New York. The CFPB further alleges that "account reviews" performed in August 2009 and August 2010 allegedly revealed that "money originating from Northway's deposit account for US consumer loan repayments was funneled to accounts belonging to" 0562752, among others, again, without further elaboration. (*Id.* ¶¶ 225, 227.) It should also be noted that the alleged source of those funds was Northway (not New Northway)—a company in which Grehan and 0562752, according to the Amended Complaint, had no direct ownership interest.

Notably absent from the Amended Complaint are any allegations as to the Grehan Relief Defendants' contact with New York in the form of, for example, the ownership of property, maintenance of an office, a telephone listing, fax number, mailing address or even a bank account, let alone any facts that could support an allegation that either defendant conducts business in New York.

## <u>ARGUMENT</u>

### I. THE COURT LACKS PERSONAL JURISDICTION OVER THE GREHAN RELIEF DEFENDANTS

Pursuant to Rule 12(b)(2), a plaintiff bears the burden of demonstrating personal jurisdiction over the persons or entities against whom it seeks to bring suit. *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001). To survive a motion dismiss, a plaintiff must make a *prima facie* showing of personal jurisdiction over the defendant. *Porina v.*

*Marward Shipping Co., Ltd.,* 521 F.3d 122, 126 (2d Cir. 2008). Such a showing entails making legally sufficient allegations of jurisdiction, including an "averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Whitaker,* 261 F.3d 208 (internal quotations marks and alterations omitted).

A *prima facie* case for personal jurisdiction must satisfy three elements: (1) proper service of process upon the defendant; (2) a statutory basis for personal jurisdiction; and (3) accordance with constitutional due process principles. *See Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen*, 2013 WL 1775440, at *3 (S.D.N.Y. Apr. 25, 2013) (citations omitted). It is clear that the CFPB cannot satisfy the second and third requirements,[3] and therefore the Court lacks personal jurisdiction over the Grehan Relief Defendants.

With respect to the requisite statutory basis, "[a] district court's personal jurisdiction is determined by the law of the state in which the court is located." *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010). Under New York law, to establish personal jurisdiction over a defendant, a plaintiff must "demonstrate either that [the defendant] was 'present' and 'doing business' within the meaning of [CPLR] § 301, or that it committed acts within the scope of New York's long-arm statute, [CPLR] § 302." *Schultz v. Safra Nat. Bank of New York,* 377 Fed. Appx. 101, 102 (2d Cir. 2010). If personal jurisdiction lies under New York, then a court considers whether its exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945).

[3] Proper service of process is not at issue here because the Grehan Relief Defendants executed a waiver of service of process on March 9, 2016, with a deadline to file the instant motion on April 11, 2016, and with an express reservation of all defenses and objections, including the defense of lack of jurisdiction by this Court. (*See* ECF Doc. No. 60.)

### A. This Court Cannot Exercise Personal Jurisdiction Over the Grehan Relief Defendants Under New York Law

The Amended Complaint fails to make a *prima facie* demonstration of this Court's general or specific jurisdiction over the Grehan Relief Defendants.

#### (1) *General Jurisdiction Does Not Exist Under Section 301*

The Grehan Relief Defendants are not subject to the general jurisdiction of this Court under Section 301 of the New York CPLR ("Section 301").

With respect to Grehan individually, pursuant to Section 301, general jurisdiction can lie only where Grehan "does business" with "a fair measure of permanence and continuity." *Ballard v. Walker,* 2013 WL 6501234, at *1 (S.D.N.Y. Dec. 11, 2013) (internal quotation marks omitted). The Amended Complaint does not allege Grehan ever did business in New York, let alone that he did so permanently and continuously, and accordingly, general jurisdiction as to Grehan is lacking.

With respect to 0562752, pursuant to Section 301, general jurisdiction is only appropriate where it engages in "continuous, permanent, and substantial activity in New York." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir. 1990). Further, after the Supreme Court's decision in *Daimler,* the exercise of general jurisdiction under Section 301 would only be appropriate if 0562752 can be "fairly regarded as at home" in New York. *Daimler AG v. Bauman,* __ U.S. __, 134 S. Ct. 746, 760 (2014). In *Daimler,* the Supreme Court explained that the exercise of general jurisdiction over a foreign corporation is limited to the "exceptional case" where that corporation's "operations . . . [are] so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19 (2014). The Amended Complaint alleges 0562752 is domiciled in Canada (Am. Compl. ¶ 95); absent are any allegations of the "constant and pervasive" contacts in New York, such as place of incorporation

or principal place of business, required to establish 0562752 is "at home" in New York. *Daimler*, 134 S. Ct. at 751. Therefore, the CFPB has also failed to make a *prima facie* case that 0562752 is subject to jurisdiction in New York pursuant to Section 301.

**(2) *Specific Jurisdiction is Lacking Under New York's Long-Arm Statute***

Personal jurisdiction over the Grehan Relief Defendants is also lacking under NY CPLR § 302(a), New York's Long-Arm Statute ("Section 302(a)"). Pursuant to Section 302(a), "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state," so long as the plaintiff's "cause of action aris[es] from" that "transact[ion]." NY CPLR § 302(a)(1). For a cause of action to "arise from" a defendant's conduct, "there must exist a strong nexus between the plaintiff's cause of action and the defendant's in-state conduct, such that a cause of action which bears only a remote and indirect relationship to the New York transaction will not support jurisdiction." *Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.*, 2001 WL 1041990, at *4 (S.D.N.Y. Sept. 7, 2001) (citations omitted) (internal quotation marks omitted); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007).

Here, the Amended Complaint does not contain these barest of allegations to support such a nexus. In addition to lacking any allegation that either of the Grehan Relief Defendants has ever maintained an office, telephone listing, fax number, mailing address or bank account in New York, *see Phat Fashions*, 2001 WL 1041990, at *4 ("[m]ere telephone, mail, or email contacts will normally not suffice to support jurisdiction"), the Amended Complaint is devoid of any allegations that could plausibly show that either has ever transacted business in New York. Specifically, there are no allegations that the Grehan Relief Defendants took any actions related to the consumer lending practices described in the Amended Complaint in New York. Similarly absent are any allegations that the Grehan Relief Defendants received proceeds from any

allegedly improper consumer loan repayments traceable to New York during the three-year statute of limitations period. To the extent the Amended Complaint contains any vague allegations of receipt of any improper proceeds by 0562752, such allegations relate to a period of time well outside the statute of limitations and therefore cannot serve as a basis for jurisdiction. *See Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 587-88 (E.D. Pa. 2015) (declining to consider alleged contacts outside the statute of limitations period for personal jurisdictional "minimum contacts" analysis) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991)).

The CFPB has failed to meet its burden of demonstrating any "nexus" insofar as the Grehan Relief Defendants are concerned: the Amended Complaint contains no allegation of any New York contact by the Grehan Relief Defendants.[4]

### B. <u>The Exercise of Personal Jurisdiction Would Offend Due Process</u>

Even assuming, *arguendo*, a statutory basis for jurisdiction, due process considerations would still prohibit this Court from exercising jurisdiction over the Grehan Relief Defendants. Due process considerations require that the defendant "have certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at, 316 (internal quotation marks omitted). This analysis proceeds in two steps. *Gucci Am., Inc. v. Weizing Li*, 768 F.3d 122, 136 (2d Cir. 2014). "First, the court must decide if the defendant has 'purposefully directed' his activities at . . . the forum and the litigation . . . 'arise[s] out of or relate [s] to' those activities." *Id.* (alterations in original) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

---

[4] Similarly, to the extent the CFPB attempts to assert jurisdiction on the basis of NY CPLR §§ 302(a)(2) or 302(a)(3), the Amended Complaint does not contain any allegations of tortious conduct by the Grehan Relief Defendant that would support jurisdiction under either section.

"Second, once the court has established these minimum contacts, it 'determine[s] whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Id.* (alteration in original) (quoting *Burger King,* 471 U.S. at 472).

The Amended Complaint contains no allegations that the Grehan Relief Defendants have had the requisite "minimum contacts" with New York. As discussed *supra*, the CFPB does not allege that Grehan or 0562752 were "at home" in New York or that they "intentionally" aimed to cause an effect in New York. *Daimler,* 134 S. Ct. at 760; *Tarsavage v. Citic Trust Co., Ltd.,* 3 F. Supp. 3d 137, 145 (S.D.N.Y. 2014). Additionally, the Amended Complaint is devoid of any allegations that Grehan or 0562752 received any proceeds from allegedly improper consumer lending repayments traceable to New York within the three-year statute of limitations period. Therefore, the constitutional "minimum contacts" requirement is not satisfied. *See Skidmore*, 106 F. Supp. 3d at 587-88.

Moreover, requiring the Grehan Relief Defendants to defend a lawsuit in New York would be unreasonable. *Eternal Asia*, 2013 WL 1775440, at *5 ("the weaker the plaintiff's showing [on minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction" (alteration in original) (citations omitted).) New York cannot have any interest in adjudicating this matter as to the Grehan Relief Defendants, as nothing in the Amended Complaint alleges actions by Grehan and 0562752 that took place in New York or affected New York, and neither of those defendants is domiciled here.

Therefore, even if the CFPB could establish a basis for statutory jurisdiction, which it cannot, due process considerations still warrant dismissal of all claims against the Grehan Relief Defendants.

## II. CFPB'S CAUSE OF ACTION FOR DISGORGEMENT IS TIME BARRED[5]

In the event that this Court finds that it has personal jurisdiction over the Grehan Relief Defendants, the cause of action for disgorgement against them should nevertheless be dismissed with prejudice because the Amended Complaint contains no allegations that either Grehan or 0562752 received any improper proceeds derived from New York consumer lending practices within the three-year statutory period. *See* 12 U.S.C.A. § 5564(g)(1). As the Amended Complaint was filed on December 11, 2015, disgorgement of any funds received prior to December 11, 2012 is necessarily time-barred.

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless it "contain[s] sufficient factual matter" to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, the Amended Complaint alleges only the most vague and conclusory of allegations relating to the receipt of proceeds by the Grehan Relief Defendants. Regarding Grehan, there is not a single allegation that Grehan himself received proceeds of allegedly improper consumer lending practices. With respect to 0562752, only two vague allegations even suggest that any funds flowed to 0562752. (Am Compl. ¶¶ 225, 227.) In addition to being too ambiguous plausibly to state a claim under *Iqbal*, these allegations allege a receipt of proceeds prior to August 2010, rendering them time-barred under the CFPA's three-year statute of limitations.

Moreover, notwithstanding the statutory limitation period, the very earliest date from which the Court could order the disgorgement of any funds is July 21, 2011—the date the CFPA came into effect. 12 U.S.C. §§ 5481(9), 5582; Designated Transfer Date, 75 Fed. Reg. 57252-02. The CFPA contains no express or implied retroactivity provision, and accordingly, cannot as a matter of law require the disgorgement of funds received prior to the statute's implementation.

---

[5] The Grehan Relief Defendants submit these arguments without waiving their objections to personal jurisdiction under Rule 12(b)(2).

*See Molosky v. Washington Mut., Inc.*, 664 F.3d 109, 113 n.1 (6th Cir. 2011) (holding provisions of the Dodd-Frank Act are not retroactive); *Consumer Fin. Prot. Bureau v. ITT Educ. Servs., Inc.,* 2015 WL 1013508, at *24 (S.D. Ind. Mar. 6, 2015) (declining to consider 2008 and 2009 conduct of a plaintiff because "the CFPA did not take effect until July 2011").

For these reasons, the CFPB cannot pursue disgorgement from the Grehan Relief Defendants, and they should be dismissed from this case with prejudice.

## CONCLUSION

For the foregoing reasons, Relief Defendants Paul Grehan and 0562752 B.C. Ltd. respectfully request that the Court dismiss the Amended Complaint against them with prejudice, and grant such further relief as the Court may deem just and proper.

Dated: New York, New York
April 11, 2016

LEVINE LEE LLP

By: s/ Kenneth E. Lee
Kenneth E. Lee
Katie G. Crane
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
klee@levinelee.com
kcrane@levinelee.com

*Attorneys for Relief Defendants Paul Grehan and 0562752 B.C. Ltd.*