**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br>*Plaintiff,*<br>v.<br>NDG FINANCIAL CORP., NORTHWAY FINANCIAL CORP., LTD., NORTHWAY BROKER, LTD., E-CARE CONTACT CENTERS, LTD., BLIZZARD INTERACTIVE CORP., NEW WORLD CONSOLIDATED LENDING CORP., NEW WORLD LENDERS CORP., PAYROLL LOANS FIRST LENDERS CORP., NEW WORLD RRSP LENDERS CORP., PETER ASH, SAGEWOOD HOLDINGS, LTD., KIMBERLY DETHOMAS, JEREMY SABOURIN, WILLIAM WRIXON,<br>*Defendants*,<br>PETER ASH, SAGEWOOD HOLDINGS, LTD., PAUL ASH, KNIGHTSBRIDGE HOLDINGS LTD., PAUL GREHAN, 0562752 B.C. LTD., KIMBERLY DETHOMAS, EMERALD WILLOW HOLDINGS, LTD., JEREMY SABOURIN, RED RIVER HOLDINGS COMPANY LTD., WILLIAM WRIXON, TWILLINGATE HOLDINGS LTD.,<br>*Relief Defendants.* | Civ. No. 1:15-cv-5211 (CM)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF RELIEF DEFENDANTS PAUL GREHAN'S AND 0562752 B.C. LTD.'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

LEVINE LEE LLP
Kenneth E. Lee
Katie G. Crane
650 Fifth Avenue, 13th Floor
New York, New York 10019
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
klee@levinelee.com
kcrane@levinelee.com

*Attorneys for Relief Defendants Paul Grehan and 0562752 B.C.*

**GREHAN RELIEF DEFENDANTS**
**JOIN THE MOTION FOR RECONSIDERATION**

Relief Defendants Paul Grehan and 0562752 B.C. Ltd. ("0562752," collectively, the "Grehan Relief Defendants") respectfully submit this Memorandum of Law to join the Motion for Reconsideration of the Court's December 2, 2016 Decision and Order (the "December 2 Order"), or in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b) ("Reconsideration Motion"), submitted by Defendants and Relief Defendants Sagewood Holdings, Ltd. and Peter Ash, and Relief Defendants Knightsbridge Holdings Ltd. and Paul Ash. [ECF No. 103.] The basis for reconsideration articulated in the Reconsideration Motion is applicable to the Grehan Relief Defendants.

The Court found that there was agency jurisdiction over the Grehan Relief Defendants because the "CFPB plausibly alleges that the Owners Group benefitted from, knew about, consented to, and controlled, the activities of the New York Defendants." (December 2 Order at 16.)[1] However, such allegations of control as to the Grehan Relief Defendants are insufficiently pleaded where the FAC alleges that 0562752 held only 10.1% of NDG Financial and New Northway, and there is no allegation that Grehan himself had any ownership of NDG Financial and New Northway. (FAC ¶ 12.)

Moreover, in finding that the Grehan Relief Defendants exerted the requisite control, the Court relied on allegations outside of the three-year statute of limitations, notwithstanding the Court's finding that the disgorgement claim brought against the Grehan Relief Defendants is confined to that period. (December 2 Order at 41 ("[T]he statute of limitations period for all Named Defendants does not extend earlier than 2012. The FAC includes allegations about

---

[1] Unless otherwise defined, all capitalized terms herein have the same meaning ascribed to them in the Grehan Relief Defendants' Memorandum of Law in Support of their Motion to Dismiss [ECF No. 81].

pre-July 2011 activity, but those allegations are only used establish the factual background of Defendants' activities[.]") (internal citations omitted).) That is, the Court found that agency was established because Grehan "continued to collect dividends and provide strategic direction" to the companies. (*Id.* at 17.) The Court predicates this finding on interview notes referenced in Paragraph 239; however, as alleged, those notes only concern Grehan's conduct up to 2011 and therefore cannot support the Court's finding of control. (FAC ¶ 239.) Accordingly, the FAC fails to plausibly allege any control by Grehan or 0562752 within the statute of limitations.

For these reasons, and those set forth in the Reconsideration Motion, the Court should reconsider the December 2 Order and dismiss the FAC against Grehan and 0562752, or in the alternative, certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**CONCLUSION**

The Grehan Relief Defendants respectfully request that the Court reconsider its December 2 Order and dismiss the FAC against them, or in the alternative, certify for interlocutory review, and grant such further relief as the Court may deem just and proper.

Dated: New York, New York
December 16, 2016

LEVINE LEE LLP

By: s/ Kenneth E. Lee
Kenneth E. Lee
Katie G. Crane
650 Fifth Avenue, 13th Floor
New York, New York 10019
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
klee@levinelee.com
kcrane@levinelee.com

*Attorneys for Relief Defendants Paul Grehan and 0562752 B.C. Ltd.*