| | |
|---|---|
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br><br> v. <br><br> NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon, <br><br> Defendants <br><br> Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd. <br><br> Relief Defendants | Case No. 15cv5211 (CM)(JCF) |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO COMPEL

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff Consumer Financial Protection Bureau (CFPB or the Bureau) respectfully submits this Memorandum in support of its motion to compel Defendants NDG Financial Corp., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company, Ltd., William Wrixon, and Twillingate Holdings, Ltd. (the "Canadian NDG Defendants") to produce documents and respond to interrogatories.

The Canadian NDG Defendants have failed to respond to or object to the discovery the Bureau has properly served on them. Instead, the Canadian NDG Defendants have informed Plaintiff that they intend to only "settle or default" in this action, and have informed the Court that they "no longer intend to defend the action in this forum."

## CERTIFICATE OF COMPLIANCE WITH RULE 37(a)(1)

Counsel for Plaintiff has attempted to confer with counsel for the Canadian NDG Defendants in a good faith effort to resolve this dispute but has been unable to do so.

## STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 37.2

Prior to filing this motion, the Bureau requested a referral to a magistrate judge to resolve the dispute. A conference was scheduled for June 28, 2017 but was postponed indefinitely upon the filing of the Canadian NDG Defendants' Motion to Withdraw, ECF 133, on June 27, 2017. The Bureau respectfully submits that it has substantially complied with Local Rule 37.2 by seeking the Court's assistance in resolving the dispute before filing this motion, even though an informal conference was not held. In any event, the Court has held in other cases that such a conference is not necessary to rule on a motion to compel where it will not promote efficiency in the litigation or otherwise further the goals of Local Rule 37.2. *See Time Inc. v. Simpson*, No. 02-cv-4917 (MBM) (JCF), 2002 WL 31844914, *1 (S.D.N.Y. Dec. 18, 2002) (failure to satisfy meet and confer requirements does not require rejection of motion to compel because the "requirements are designed to promote efficiency in litigation, and that goal would not be advanced by further delay in resolving these issues on the merits"); *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (Francis, M.J.) (failure to hold an informal conference with the court pursuant to Local Rule 37.2 does not warrant a denial or delay in considering the motion). Accordingly, the Bureau requests that the

Court consider this motion on the merits at this time. The Canadian NDG Defendants have made clear that they will not participate in any discovery and do not intend to continue defending the action in this forum. Requiring an informal conference to be held in this case would not promote efficiency and instead would just add further delay.

## **FACTUAL AND PROCEDURAL BACKGROND**

The Canadian NDG Defendants along with a combination of affiliated entities and individuals, including Northway Financial Corp. Northway Broker, Ltd. ("the Maltese NDG Defendants"), as well as Peter Ash, Sagewood Holdings Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, and 0562752 B.C. Ltd. ("the Ash and Grehan Defendants") engaged in an illegal online payday lending scheme ("the NDG Enterprise") that targeted New York and United States consumers. The NDG Enterprise originated, serviced, and collected payday loans that the Bureau contends are void in whole or in part under state law in sixteen states including New York. Further, as alleged in the Bureau's amended complaint in this action, the Defendants misrepresented that federal and state law did not apply to the loans, and used deceptive and unfair tactics to secure repayment of the loans. The NDG Enterprise operated the scheme as a common enterprise with shared ownership, management, business functions, addresses, office space and employees located in Canada and Malta. The consumer harm in this case is likely in the range of several hundred million dollars.

On December 2, 2016, the Court denied Defendants' motion to dismiss, concluding that the Bureau had alleged sufficient facts to establish a *prima facie* case of personal jurisdiction over all Defendants under New York's long-arm statute. The Court also found that the Bureau alleged sufficient facts to state claims for relief under the Consumer Financial Protection Act (CFPA) and Credit Practices Rule (CPR). ECF 98.

3

After the Court denied the motion to dismiss, the Canadian and Maltese NDG Defendants filed a Motion for Reconsideration which the Court denied on December 19, 2016. ECF 107, 109.

On January 13, 2017, the Canadian NDG Defendants filed an Answer to the Amended Complaint, but the Maltese NDG Defendants did not. ECF 112. That same day, counsel for the Canadian NDG Defendants, Dechert LLP, filed a Motion to Withdraw as attorneys for the Maltese NDG Defendants. ECF 113. On February 15, 2017, Dechert LLP filed a letter motion with the Court, along with a Declaration from Lyn Farrugia Gaskell, an Officer for the Maltese Defendants indicating that the Maltese NDG Defendants requested Dechert to withdraw its appearance, and that the Maltese NDG Defendants did not "intend to defend the action in this forum." ECF 116. The Court granted Dechert LLP's Motion to Withdraw on February 16, 2017. ECF 117.

On March 21, 2017, the Court ordered that all fact and expert discovery be completed by December 29, 2017. ECF 119. The Court notified the parties that there would be sanctions for "any efforts to delay discovery." Subsequently, the Bureau served discovery on all remaining represented Defendants, including the Canadian NDG Defendants. As relevant here, the Bureau has served Interrogatories and Requests for Production on all thirteen of the Canadian NDG Defendants. *See* Ex. 1-19.[1] Responses and objections are now overdue for thirteen sets of Interrogatories and six sets of Requests for Production. *See* Gayle Decl. ¶¶ 2-39. When the Bureau asked counsel for the Canadian NDG Defendants about the status of the overdue requests, counsel

---

[1] All exhibits cited herein are exhibits to the Declaration of Charles Gayle dated July 3, 2017 ("Gayle Decl.") that was filed simultaneously with Plaintiff's Motion to Compel.

responded that the Canadian NDG Defendants would "settle or default" but did not intend to respond to any of the Bureau's discovery. Gayle Decl. ¶¶ 40-41 & Ex. 20.

The outstanding requests for production and interrogatories seek information that is necessary to the Bureau's claims. Among other things, the requests seek consumer-level information indicating the amount of illegal payments each consumer paid to the Defendants. The Canadian and Maltese NDG Defendants are in possession, custody, or control of this information. The Bureau will be unable to determine the amount redress due to consumers without sufficient information about which consumers were harmed and in what amount. Non-production of this information will also complicate efforts to pursue a negotiated resolution of this action or a default judgment because it will be difficult to determine the amount of damages as required by Fed. R. Civ. P. 55(b). Other necessary categories of information sought in the Bureau's discovery include: 1) Policies and procedures relating to the operations of the Canadian and Maltese NDG Defendants; 2) Notes, memoranda, and minutes from Canadian and Maltese NDG Defendant shareholder meetings; 3) Documents reflecting the Canadian and Maltese NDG Defendants' ownership structure; 4) the Canadian and Maltese NDG Defendants' marketing of loans to United States consumers; 5) Communications between the Canadian and Maltese NDG Defendants and United States consumers regarding loan obligations, including the loan agreements executed between the Maltese NDG Defendants and United States consumers; 6) Canadian and Maltese NDG corporate filings; 7) Canadian and Maltese NDG Defendant bank records reflecting the flow of money to and from United States consumers and among the NDG Enterprise entities themselves; 8) Communications between Canadian and Maltese NDG Defendants along with communications with other entities and individuals within the

NDG Enterprise; and 9) Communications between the Canadian and Maltese NDG Defendants and the Malta Financial Services Authority regarding licensing rules, regulations and obligations. This information is necessary to establish the nature of the scheme as well as full scope and workings of the NDG Enterprise. These are categories of documents the Bureau is lacking and requires to prosecute this action.

On June 14, 2017, the Bureau informed the Court that the Canadian NDG Defendants had failed to respond to its discovery requests and sought a referral to a magistrate judge to resolve the dispute. ECF 130. The case was referred to Magistrate Judge James C. Francis IV, who scheduled a teleconference with the parties for June 28, 2017. On June 27, 2017, the day before the call was scheduled with Judge Francis, Dechert LLP, counsel for the Canadian NDG Defendants, filed a motion to withdraw as counsel, as it did for the Maltese NDG Defendants, explaining that the Canadian NDG Defendants "do not intend to continue defending the action in this forum." ECF 134. Judge Francis postponed the teleconference indefinitely. Ex. 21.

## ARGUMENT

I. **THE COURT SHOULD COMPEL THE CANADIAN NDG DEFENDANTS TO RESPOND TO DISCOVERY**

   A. **The Canadian NDG Defendants have failed to participate in discovery without cause**

Rule 37(a)(3)(B) provides that a party may move for an order compelling an answer to a discovery request where a party "fails to answer an interrogatory submitted under Rule 33" or a party "fails to produce documents . . . as requested under Rule 34." Here, the Canadian NDG Defendants have failed to respond to thirteen sets of Interrogatories and six sets of Requests for Production of Documents. *See* Gayle Decl. ¶¶ 2-39. The Bureau has attempted to resolve this issue without the Court's intervention

but has been unable to do so. Specifically, counsel's representations that the Canadian NDG Defendants intend to either "settle or default" and that they no longer "intend to defend the action in this forum" leave the Bureau with no choice but to request that the Court compel the Canadian NDG Defendants to respond to discovery.

### B. The discovery seeks information necessary to the Bureau's claims against all Defendants and to provide redress to consumers

The Canadian NDG Defendants are refusing to provide information that is highly relevant to the Bureau's claims. Specifically, the information withheld relates to the nature of Defendants' complex scheme to defraud United States consumers. It is necessary to understand the roles of each Defendant and Relief Defendant, to establish personal jurisdiction and liability over all Defendants, and to establish the degree of harm suffered by United States consumers.

In particular, the information being withheld by the Canadian NDG Defendants will impair the ability of the Bureau to establish the amount of injury in this matter and to seek redress for the consumers harmed by Defendants' illegal payday lending scheme. The Bureau must be able to identify 1) the specific consumers harmed and 2) the total harm suffered by each consumer. This information is in the possession, custody, and control of the Canadian NDG Defendants. The Bureau has not been able to obtain this information from any other party or third party in this litigation.

The Bureau intends to exhaust all of its remedies to obtain this information in the United States and, if necessary, in Canada. However, the Canadian NDG Defendants should not be permitted to flout the authority of this Court by simply walking away from this litigation after this Court determined that all Defendants were properly within its jurisdiction.

### C. The Court can compel production even though the Canadian NDG Defendants intend to default

The Canadian NDG Defendants are parties to this action and, as such, are properly the subject of the Bureau's motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv) (permitting the filing of a motion to compel against "a party" who fails to answer interrogatories or respond to requests for production). While they have indicated that they do not intend to continue defending the action, they are not yet in default and should be compelled to respond to discovery. *SEC v. Gibraltar Global Sec., Inc.*, No. 13-cv-2575 (GBD)(JCF), 2015 WL 2258173 at *3 (S.D.N.Y. May 8, 2015) ("Regardless of whether he intends to defend these cases in the future, no default judgment has been entered against him and he continues to be bound to comply with discovery obligations and court orders."). Accordingly, the Canadian NDG Defendants cannot evade discovery simply by indicating that they intend to "settle or default," and the Bureau respectfully requests that the Court order the Canadian NDG Defendants to respond to the Bureau's Interrogatories and to produce all documents responsive to the Bureau's Requests for Production.

## **CONCLUSION**

For the foregoing reasons, the Bureau requests that the Court order the Canadian NDG Defendants to respond to the nineteen sets of discovery requests that the Bureau has served on them and for which responses are now overdue.

Dated: July 3, 2017

Respectfully submitted,

ANTHONY ALEXIS
Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director

CYNTHIA LESSER
Assistant Deputy Enforcement Director

/s/ Charles R. Gayle
CHARLES R. GAYLE
Phone: (202)435-9555
E-Mail: charlie.gayle@cfpb.gov
RINA TUCKER HARRIS
Phone (202)435-9196
E-Mail: rina.harris@cfpb.gov
JESSICA DIVINE
Phone: (202)435-7863
E-Mail: jessica.divine@cfpb.gov

1700 G Street NW
Washington, DC 20552

Attorney for Plaintiff
Consumer Financial Protection Bureau