| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>    Plaintiff,<br><br>    v.<br><br>NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,<br><br>    Defendants<br><br>Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.<br><br>    Relief Defendants | Case No. 15cv5211 (CM)(JCF) |

### DECLARATION OF CHARLES GAYLE
### IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

I, Charles Gayle, declare as follows:

    1.  I am an Enforcement Attorney at the Consumer Financial Protection Bureau and am admitted *pro hac vice* in the above-captioned matter. I am familiar with the facts and circumstances of this case and submit this Declaration in support of Plaintiff's Motion to Compel.

    2.  Plaintiff served Interrogatories pursuant to Rule 33 on Defendant NDG Financial Corporation on April 24, 2017, which are attached as Exhibit 1 to this Declaration.

3. NDG Financial Corporation has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

4. Plaintiff served Interrogatories pursuant to Rule 33 on Defendant Blizzard Interactive Corporation on April 24, 2017, which are attached as Exhibit 2 to this Declaration.

5. Blizzard Interactive Corporation has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

6. Plaintiff served Interrogatories pursuant to Rule 33 on Defendant E-Care Contact Centers Ltd. on April 24, 2017, which are attached as Exhibit 3 to this Declaration.

7. E-Care Contact Centers Ltd. has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

8. Plaintiff served Interrogatories pursuant to Rule 33 on Defendant New World Consolidated Lending Corporation on April 28, 2017, which are attached as Exhibit 4 to this Declaration.

9. New World Consolidated Lending Corporation has failed to respond or object to the Interrogatories, and the 30 day deadline has passed.

10. Plaintiff served Interrogatories pursuant to Rule 33 on Defendant New World Lenders Corporation on April 28, 2017, which are attached as Exhibit 5 to this Declaration.

11. New World Lenders Corporation has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

12. Plaintiff served Interrogatories pursuant to Rule 33 on Defendant Payroll Loans First Lenders Corporation on April 28, 2017, which are attached as Exhibit 6 to this Declaration.

13. Payroll Loans First Lenders Corporation has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

14. Plaintiff served Interrogatories on Defendant New World RRSP Lenders Corporation on April 28, 2017, which are attached as Exhibit 7 to this Declaration.

15. New World RRSP Lenders Corporation has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

16. Plaintiff served Interrogatories pursuant to Rule 33 on Defendant and Relief Defendant Jeremy Sabourin on April 28, 2017, which are attached as Exhibit 8 to this Declaration.

17. Jeremy Sabourin has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

18. Plaintiff served Interrogatories pursuant to Rule 33 on Relief Defendant Red River Holdings Company, Ltd. on April 28, 2017, which are attached as Exhibit 9 to this Declaration.

19. Red River Holdings Company, Ltd. has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

20. Plaintiff served Interrogatories pursuant to Rule 33 on Defendant and Relief Defendant Kimberly DeThomas on April 28, 2017, which are attached as Exhibit 10 to this Declaration.

21. Kimberly DeThomas has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

22. Plaintiff served Interrogatories pursuant to Rule 33 on Relief Defendant Emerald Willow Holdings, Ltd. on April 28, 2017, which are attached as Exhibit 11 to this Declaration.

23. Emerald Willow Holdings, Ltd. has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

24. Plaintiff served Interrogatories pursuant to Rule 33 on Defendant and Relief Defendant William Wrixon on April 28, 2017, which are attached as Exhibit 12 to this Declaration.

25. William Wrixon has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

26. Plaintiff served Interrogatories pursuant to Rule 33 on Relief Defendant Twillingate Holdings, Ltd. on April 28, 2017, which are attached as Exhibit 13 to this Declaration.

27. Twillingate Holdings, Ltd. has failed to respond to or object to the Interrogatories, and the 30 day deadline has passed.

28. Plaintiff served Requests for Production pursuant to Rule 34 on Defendant NDG Financial Corporation on May 11, 2017, which are attached as Exhibit 14 to this Declaration.

29. NDG Financial Corporation has failed to respond to or object to the Requests for Production, and the 30 day deadline has passed.

30. Plaintiff served Requests for Production pursuant to Rule 34 on Defendant Blizzard Interactive Corporation on May 11, 2017, which are attached as Exhibit 15 to this Declaration.

31. Blizzard Interactive Corporation has failed to respond to or object to the Requests for Production, and the 30 day deadline has passed.

32. Plaintiff served Requests for Production pursuant to Rule 34 on Defendant E-Care Contact Centers, Ltd. on May 11, 2017, which are attached as Exhibit 16 to this Declaration.

33. E-Care Contact Centers, Ltd. has failed to respond to or object to the Requests for Production, and the 30 day deadline has passed.

34. Plaintiff served Requests for Production pursuant to Rule 34 on Defendant New World Consolidated Lending Corporation on May 11, 2017, which are attached as Exhibit 17 to this Declaration.

35. New World Consolidated Lending Corporation has failed to respond to or object to the Requests for Production, and the 30 day deadline has passed.

36. Plaintiff served Requests for Production pursuant to Rule 34 on Defendant New World Lenders Corporation on May 11, 2017, which are attached as Exhibit 18 to this Declaration.

37. New World Lenders Corporation has failed to respond to or object to the Requests for Production, and the 30 day deadline has passed.

38. Plaintiff served Requests for Production on Defendant and Relief Defendant Kimberly DeThomas on May 12, 2017, which are attached as Exhibit 19 to this Declaration.

39. Kimberly DeThomas has failed to respond to or object to the Requests for Production, and the 30 day deadline has passed.

40. During a teleconference on June 13, 2017, the Bureau asked counsel for the NDG Defendants about the status of the overdue discovery responses discussed in paragraphs 2-39 of this Declaration. NDG Defendants' counsel explained that the NDG Defendants did not intend to respond to any of the Bureau's discovery requests and that they would either "settle or default."

41. Following the June 13, 2017 call with counsel for the NDG Defendants, I sent an email confirming our discussion, which is attached to this Declaration as Exhibit 20.

42. On June 14, 2017, I sent a letter to the Court informing the Court of this discovery dispute and requesting the Court's assistance through a referral to a magistrate judge. ECF 130.

43. This discovery dispute was referred to Magistrate Judge James C. Francis IV, ECF 131, who scheduled a teleconference with the parties for June 28, 2017. The email correspondence between the Court and the parties is attached to this Declaration as Exhibit 21. On June 27, 2017, the day before the call was scheduled with Judge Francis, counsel for the NDG Defendants filed a motion to withdraw as counsel, explaining that the NDG Defendants "do not intend to continue defending the action in this forum." ECF 134. On June 27, Judge Francis postponed the teleconference indefinitely.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 3rd day of July, 2017 in Washington, D.C.

/s/ Charles R. Gayle_____
Charles R. Gayle
Enforcement Attorney
Consumer Financial Protection Bureau
1625 Eye Street, NW
Washington DC, 20006
202-435-9555
charlie.gayle@cfpb.gov

Attorney for Plaintiff
Consumer Financial Protection Bureau