| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>       Plaintiff,<br><br>       v.<br><br>NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,<br><br>       Defendants<br><br>Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd.,  Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.<br><br>       Relief Defendants | Case No. 15cv5211 (CM)<br><br>**PLAINTIFF'S INTERROGATORIES TO NDG FINANCIAL CORP.** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("F.R.C.P"), Plaintiff, the Consumer Financial Protection Bureau ("Bureau"), by and through its undersigned attorneys, hereby submits Plaintiff's Interrogatories ("Interrogatories") to Defendant NDG Financial Corp.  Sworn answers to these Interrogatories must be served upon counsel for the Bureau within thirty (30) days of service via electronic submission to charlie.gayle@cfpb.gov or to the Bureau's office at 1700 G Street NW, Washington, DC 20552, if delivering by standard mail (USPS), or to 1625 Eye Street NW, Washington, DC 20006, if delivering by overnight courier (such as Federal Express, UPS, or US Express Mail).

1

## INSTRUCTIONS

A.  If, in responding to these Interrogatories, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

B.  These Interrogatories are continuing in nature, up to and during the course of the trial. Your response to these Interrogatories must be supplemented as you obtain additional information affecting any of your responses.

C.  If you cannot answer all or part of any Interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

D.  If you assert a claim of privilege in responding to or objecting to any interrogatory, provide the nature of the privilege that is being claimed.

E.  If you object to any part of an interrogatory, answer all parts of such interrogatory to which you do not object.

F.  Words in the masculine, feminine, or neutral form shall include each of the other genders.

G.  The present tense shall include the past and future tenses.

H.  The singular shall include the plural, and the plural shall include the singular.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Interrogatories, the following terms shall be interpreted in accordance with these definitions:

1. "And," and "or," shall be construed both conjunctively and disjunctively.
2. "Any" includes "all," and "all" includes "any."
3. "Bureau" shall mean Consumer Financial Protection Bureau.
4. "Communication" shall mean the transmittal of information by any means.
5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.
6. "Each" shall be construed to include "every," and "every" shall be construed to include "each."
7. "Enterprise" shall mean a group including any or all of the corporate defendants or relief defendants named in this action, including Sagewood Holdings, Ltd., Knightsbridge Holdings, Ltd., 0562752 B.C. Ltd., Emerald Willow Holdings, Ltd., Red River Holdings Company Ltd., Twillingate Holdings Ltd., NDG Financial Corp., Northway Financial Corp., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., or any affiliated entities not named in this action, such as Cumberland Holdings Ltd. and New Northway Holding Ltd., among others.
8. "Financial Institution" shall mean any such institution in any country, including an insured bank (as defined in section 3(h) of the Federal Deposit Insurance Act,

12 U.S.C. § 1813(h)); a commercial bank or trust company; a private banker; any credit union; a thrift institution; an issuer, redeemer, or cashier of travelers' checks, checks, money orders, or similar instruments; an operator of a credit card system; a loan or finance company; or any business or agency which engages in activity which is similar to, related to, or a substitution for any activity in which any business described in this paragraph is authorized to engage.

9. "Identify" (with respect to persons): When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need by listed in response to subsequent discovery requesting the identification of that person.

10. "Identify" (with respect to documents): When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter, (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

11. "Market" or "Marketing" includes the identification of any individual for the purpose of using any statement, illustration, depiction, or promotional material, whether in English or another language in order to effect a sale or create interest in goods or services.

12. "Payday Loan" shall mean any loan offered in the name of Northway Financial Corporation, Ltd. or offered or extended by any entity associated with Northway Financial Corporation, Ltd. and/or brokered by Northway Broker Limited to consumers residing within the United States.

13. "Person" shall mean an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative

organization, or other entity.

14. "Relating to" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, comprising, showing, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

15. "You" or "Your" shall mean NDG Financial Corp.

## INTERROGATORIES

1. Identify all documents, including all custodians and locations of such documents, relating to any account maintained in Your name with any Financial Institution between January 1, 2012 and the present.

2. Identify all documents, including all custodians and locations of such documents, relating to any ownership interest You held in any entity at any point after January 1, 2005.

3. Identify all documents, including all custodians and locations of such documents, relating to attempts made by any Enterprise entity to market Payday Loans to New York residents at any point after January 1, 2005.

4. Identify all documents, including all custodians and locations of such documents, relating to the determination of interest rates for Payday Loans at any point after January 1, 2005.

5. Identify all documents, including all custodians and locations of such documents, relating to any Enterprise entity's compliance with United States federal and state law at any point after January 1, 2005.

6. Identify all documents, including all custodians and locations of such documents, relating to the participation of any current or former NDG Financial Corp. shareholder in the drafting of Payday Loan agreements issued after January 1, 2005.

7. Identify all documents, including all custodians and locations of such documents,

relating to any communications occurring after January 1, 2008 between any current or former NDG Financial Corp. shareholder and any entity providing services in support of any Enterprise entity's operations.

8. Identify all documents, including all custodians and locations of such documents, relating to written communications between any Enterprise entity and any regulatory authority within the United States regarding Payday Loans at any point after January 1, 2005.

9. Identify all documents, including all custodians and locations of such documents, relating to communications between any current or former Enterprise entity shareholder and Simon Tortell and Associates at any point after January 1, 2005.

10. Identify all documents, including all custodians and locations of such documents, relating to the amounts of monies You received in connection with the extension of Payday Loans between July 1, 2012 and the present.

11. Identify all documents, including all custodians and locations of such documents, reflecting the number of Payday Loan agreements signed by consumers in each state between January 1, 2010 and the present.

12. Identify all persons with knowledge relating to the number of Payday Loan agreements signed by consumers in each state between January 1, 2010 and the present.

13. Provide a computation of the total monetary amount of Payday Loans collected between July 6, 2012 and the present from consumers residing in the following states: Arizona, Arkansas, Colorado, Illinois, Indiana, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Utah.

14. Identify all documents, including all custodians and locations of such documents, relating to the participation of any current or former Enterprise entity shareholder in any review to ensure adequate Payday Loan returns for any

Enterprise entity.

15. Identify all documents, including all custodians and locations of such documents, relating to the determination and dissemination of dividends, compensation, or incentives provided to your owners, officers, and Board members.

16. Identify all documents, including all custodians and locations of such documents relating to loan level information for Payday Loans extended between July 1, 2012 and the present, including but not limited to information such as the consumer's name and address, the loan amount, date and amount of repayment, communications between the consumer and any Enterprise entity, and any information furnished to a credit reporting agency.

17. Identify all documents, including all custodians and locations of such documents, relating to any written agreement executed between You and any other Enterprise entity after January 1, 2005.

18. Identify all documents, including all custodians and locations of such documents, relating to any document You are legally required to file with any Canadian regulatory authority including but not limited to annual reports, tax returns, financial statements, audits, and shareholder meeting minutes.

19. Identify all persons with knowledge of any information systems You used at any point after January 1, 2005.

20. Identify all documents, including all custodians and locations of such documents, relating to the system of record used in connection with Payday Loans by any Enterprise entity at any point after January 1, 2005.

Dated: April 24, 2017					Respectfully submitted,

							ANTHONY ALEXIS
							Enforcement Director

							DAVID RUBENSTEIN
							Deputy Enforcement Director

CYNTHIA LESSER
Assistant Deputy Enforcement Director

/s/ Charles R. Gayle_____
CHARLES R. GAYLE
Phone: (202)435-9555
E-Mail: charlie.gayle@cfpb.gov
RINA TUCKER HARRIS
Phone (202)435-9196
E-Mail: rina.harris@cfpb.gov
JESSICA DIVINE
Phone: (202)435-7863
E-Mail: jessica.divine@cfpb.gov

1700 G Street NW
Washington, DC 20552

Attorneys for Plaintiff
Consumer Financial Protection Bureau

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>      Plaintiff,<br><br>      v.<br><br>NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,<br><br>      Defendants<br><br>Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd.,  Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.<br><br>      Relief Defendants | Case No. 15cv5211 (CM) |

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 24th day of April 2017, I served a copy of the foregoing **Plaintiff's Interrogatories to NDG Financial Corp.** upon counsel of record via e-mail. I also certify that the Parties to the above captioned matter have consented in writing to the service of documents through electronic transmission pursuant to Fed. R. Civ. P. 5(b)(2)(E).

                                                                /s/ Charles R. Gayle_____
                                                                Charles R. Gayle
                                                                Enforcement Attorney
                                                                Consumer Financial Protection Bureau
                                                                1625 Eye Street, NW
                                                                Washington DC, 20006
                                                                202-435-9555
                                                                charlie.gayle@cfpb.gov