UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>      Plaintiff,<br><br>      v.<br><br>NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,<br><br>      Defendants<br><br>Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.<br><br>      Relief Defendants | Case No. 15-cv-5211 (CM)(JCF)<br><br>**PLAINTIFF'S OPPOSITION TO THE CANADIAN NDG DEFENDANTS' COUNSEL'S MOTION FOR WITHDRAWAL OF APPEARANCE** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................i

I.    INTRODUCTION....................................................................................................1

II.    BACKGROUND.......................................................................................................1

III.    THE MOTION FOR WITHDRAWAL SHOULD BE DENIED BECAUSE COUNSEL FOR THE CANADIAN NDG DEFEDANTS HAVE NOT PROVIDED A SUFFICIENT JUSTIFICATION FOR WITHDRAWAL AND BECAUSE IT WOULD DELAY AND FRUSTRATE THE PROCEEDING.......................................................4

IV.    CONCLUSION.........................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Ohntrup v. Firearms Center*, Inc., 802 F.2d 676, 679 (3d Cir. 1986) ............................... 7

*S.E.C. v. Gibraltar Global Securities Inc.*, No. 13 Civ. 2575, 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015) ......................................................................................... 5, 7

*SEC v. Poirier*, No. 96–02243, 2007 WL 2462173, at *2 (D. Ariz. Aug. 24, 2007) ........... 7

*Small v. Regalbuto*, No. 1:06–CV–1721, 2009 WL 1911827, at *2 (N.D. Ohio Jun. 29, 2009) ........................................................................................................................ 6

*Towns v. Morris*, No. 93-1295, 1995 WL 120687, at *2 (4th Cir. Mar. 22, 1995) ............. 6

*United States v. Cole*, 988 F.2d 681, 683 (7th Cir. 1993) ................................................... 4

*United States v. Morris*, 714 F.2d 669, 673 (7th Cir. 1983) .............................................. 5

*Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) ......................................................... 4

**Rules**

Fed. R. Civ. P. 55(b) ............................................................................................................. 3

## I.  Introduction

Plaintiff Consumer Financial Protection Bureau (the "Bureau") submits this memorandum in opposition to Dechert LLP's ("Dechert") Motion for Withdrawal of Appearance [ECF No. 133] (the "Motion") as counsel for NDG Financial Corporation, E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders, Kimberly DeThomas, Jeremy Sabourin, and William Wrixon, and Relief Defendants Emerald Willow Holdings, Ltd., Red River Holdings Company Ltd., and Twillingate Holdings Ltd. (collectively "the Canadian NDG Defendants"), and respectfully states as follows. Dechert's motion should be denied because its withdrawal as counsel for the Canadian NDG Defendants would severely prejudice the Bureau's case by indefinitely delaying and complicating discovery and making communication with the Canadian NDG Defendants difficult.

## II.  Background

The Canadian NDG Defendants along with a combination of affiliated entities and individuals, including Northway Financial Corp. Northway Broker, Ltd. (the "Maltese NDG Defendants"), as well as Peter Ash, Sagewood Holdings Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, and 0562752 B.C. Ltd. (the "Ash and Grehan Defendants") engaged in an illegal online payday lending scheme (the "NDG Enterprise") that targeted New York and United States consumers. The NDG Enterprise originated, serviced, and collected payday loans that the Bureau contends are void in whole or in part under state law in sixteen states including New York. Further, as alleged in the Bureau's amended complaint in this action, the Defendants misrepresented that federal and state law did not apply to the loans, and used deceptive and unfair tactics to

1

secure repayment of the loans. The NDG Enterprise operated the scheme as a common enterprise with shared ownership, management, business functions, addresses, office space and employees located in Canada and Malta. The consumer harm in this case is likely in the range of several hundred million dollars.

On December 2, 2016, the Court denied Defendants' motion to dismiss, concluding that the Bureau had alleged sufficient facts to establish a *prima facie* case of personal jurisdiction over all Defendants under New York's long-arm statute. ECF No. 98. The Court also found that the Bureau alleged sufficient facts to state claims for relief under the Consumer Financial Protection Act (CFPA) and Credit Practices Rule (CPR). ECF No. 98. After the Court denied the motion to dismiss, the Canadian and Maltese NDG Defendants filed a Motion for Reconsideration which the Court denied on December 19, 2016. ECF Nos. 107 and 109.

On January 13, 2017, the Canadian NDG Defendants filed an Answer to the Amended Complaint, but the Maltese NDG Defendants did not. ECF No. 112. That same day, counsel for the Canadian NDG Defendants, Dechert LLP, filed a Motion to Withdraw as attorneys for the Maltese NDG Defendants. ECF No. 113. On February 15, 2017, Dechert LLP filed a letter motion with the Court, along with a Declaration from Lyn Farrugia Gaskell, an Officer for the Maltese Defendants, indicating that the Maltese NDG Defendants requested Dechert to withdraw its appearance, and that the Maltese NDG Defendants did not "intend to defend the action in this forum." ECF No. 116. The Court granted Dechert LLP's Motion to Withdraw on February 16, 2017. ECF No. 117.

On March 21, 2017, the Court ordered that all fact and expert discovery be completed by December 29, 2017. ECF No. 119. The Court notified the parties that there would be sanctions for "any efforts to delay discovery."

Subsequently, the Bureau served discovery on all remaining represented Defendants, including the Canadian NDG Defendants. Responses and objections are now overdue for thirteen sets of Interrogatories and six sets of Requests for Production. The outstanding requests for production and interrogatories seek information that is necessary to the Bureau's claims. Among other things, the requests seek consumer-level information indicating the amount of illegal payments each consumer paid to the Defendants. The Canadian and Maltese NDG Defendants are in possession, custody, or control of this information. The Bureau will be unable to determine the amount of redress due to consumers without sufficient information about which consumers were harmed and in what amount. Non-production of this information will also complicate efforts to pursue a negotiated resolution of this action or a default judgment because it will be difficult to determine the amount of damages as required by Fed. R. Civ. P. 55(b). Other necessary categories of information sought in the Bureau's discovery include: 1) Policies and procedures relating to the operations of the Canadian and Maltese NDG Defendants; 2) Notes, memoranda, and minutes from Canadian and Maltese NDG Defendant shareholder meetings; 3) Documents reflecting the Canadian and Maltese NDG Defendants' ownership structure; 4) the Canadian and Maltese NDG Defendants' marketing of loans to United States consumers; 5) Communications between the Canadian and Maltese NDG Defendants and United States consumers regarding loan obligations, including the loan agreements executed between the Maltese NDG Defendants and United States consumers; 6) Canadian and Maltese NDG corporate filings; 7) Canadian and Maltese NDG Defendant bank records reflecting the flow of money to and from United States consumers and among the NDG Enterprise entities themselves; 8) Communications between Canadian and Maltese NDG Defendants along

3

with communications with other entities and individuals within the NDG Enterprise; and 9) Communications between the Canadian and Maltese NDG Defendants and the Malta Financial Services Authority regarding licensing rules, regulations and obligations. This information is necessary to establish the nature of the scheme as well as the full scope and workings of the NDG Enterprise. These are categories of documents the Bureau is lacking and requires to prosecute this action.

When the Bureau asked counsel for the Canadian NDG Defendants about the status of the overdue requests on June 13, 2017 – 20 days after the initial deadline for production and responses to the first set of discovery requests– counsel for the Canadian NDG Defendants responded that they would "settle or default" but did not intend to participate in discovery. *See* Declaration of Charles Gayle ("Gayle Decl."), ECF No. 139, ¶ 40.[1] Shortly thereafter, counsel for the Canadian NDG Defendants filed their Motion for Withdrawal of Appearance on June 27, 2017. ECF No. 133. The Bureau, to date, has received no discovery productions or responses from the Canadian NDG Defendants.

### III. The motion for withdrawal should be denied because counsel for the Canadian NDG Defendants have not provided a sufficient justification for withdrawal and because it would delay and frustrate the proceeding.

The law is established that the district court has discretion to disallow a withdrawal of counsel. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) ("[d]istrict courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal."); *United States v. Cole*, 988 F.2d 681, 683 (7th Cir. 1993) ("'[u]nless there is a demonstrated conflict of interests or counsel and defendant are

---

[1] Declaration of Charles Gayle dated July 3, 2017 ("Gayle Decl.") was filed simultaneously with Plaintiff's Motion to Compel, ECF No. 137.

embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw'") (*quoting United States v. Morris*, 714 F.2d 669, 673 (7th Cir. 1983)).

When considering whether to deny counsel's motion to withdraw, the district court must assess "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *S.E.C. v. Gibraltar Global Securities Inc.*, No. 13 Civ. 2575, 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015).

Counsel for the Canadian NDG Defendants has not provided sufficient reason to permit their withdrawal. Counsel's sole reason for withdrawal - their clients' lack of intent to defend the action - does not meet the "satisfactory reasons" standard as set forth in Local Rule 1.4. Such reasons can include non-payment of legal fees, so long as there is a proven inability to pay, or discharging of the attorney. *See Gibraltar*, 2015 WL 2258173 at *2 (collecting cases). Therefore, Dechert does not meet the first requirement to obtain the court's permission to withdraw.

The impact of Dechert's withdrawal on the proceeding, the second consideration for the court in determining whether to permit withdrawal, would be significant. Allowing Dechert to withdraw would delay, or even frustrate, discovery in this matter. This court and others have acknowledged that counsel's withdrawal from a case can negatively impact discovery, and required counsel to remain in litigation when discovery obligations remain unfulfilled and deadlines remain. *Gibraltar*, 2015 WL 2258173 at *3 and *4 (denying defense counsel's motion to withdraw when the withdrawal would further delay the "already overdue production of documents" and significantly disrupt the prosecution of the case); *Towns v. Morris*, No. 93-1295, 1995 WL 120687, at *2 (4th

Cir. Mar. 22, 1995) (ruling by "magistrate judge…that counsel should remain in the litigation until he complied with his discovery obligations…is consistent with the court's responsibility to fairly and effectively administer the litigation"); *Small v. Regalbuto*, No. 1:06–CV–1721, 2009 WL 1911827, at *2 (N.D. Ohio Jun. 29, 2009) (denying defense counsel's motion to withdraw when the defendant had outstanding discovery obligations and had already substantially delayed discovery).

Dechert's withdrawal from the litigation would severely prejudice the Bureau's case by further delaying the Canadian NDG Defendants' already overdue production of documents and responses to interrogatories. To date, the Canadian NDG Defendants have neither produced to the Bureau a single document nor provided responses or objections to interrogatories. Instead, they expressed their unwillingness to cooperate at all by representing through their counsel that they do not intend to participate in discovery and "do not intend to continue defending this action in this forum"— the sole reason for counsel's request to withdraw. Declaration of Jeffrey Brown, ECF 134 ("Brown Decl."), ¶ 4, and Affidavit of Sean Kells, ECF 135 ("Kells Aff."), ¶ 3.

Given the timing of the Motion and representation that they no longer intend to defend this action, it appears that the Canadian NDG Defendants are using counsel's Motion as a way to avoid producing relevant information to the Bureau. The Court has determined that the Bureau has made a *prima facie* case for jurisdiction over the Defendants, and they should not be allowed to flout the authority of this Court by simply walking away. The parties have already exchanged their initial disclosures, the NDG Defendants already filed an Answer, and the Bureau already served discovery on the NDG Defendants.

Another negative impact of allowing Dechert to withdraw would be to impede the Bureau's ability to communicate with the Canadian NDG Defendants. Dechert has not provided to the Court or the Bureau any means of communicating with the Canadian NDG Defendants after their withdrawal from the case. This is especially problematic for the Bureau because the Canadian NDG Defendants have represented they "do not intend to continue defending this action," which strongly implies that they do not intend to hire replacement counsel.  Brown Decl. at ¶ 4 and Kells Aff. at ¶ 3. A means of communication is necessary not only so that the Bureau can communicate directly with the Canadian NDG Defendants to obtain discovery, but also in order for the Canadian NDG Defendants to receive notice of court actions.  *See generally*, *Gibraltar*, 2015 WL 2258173 at *3 ("efforts to obtain discovery and testimony would be further frustrated in the event of withdrawal because they have no means of communicating directly" with defendants); *Ohntrup v. Firearms Center*, Inc., 802 F.2d 676, 679 (3d Cir. 1986) (district court's denial of motion for withdrawal "fairly balanced [law firm's] concerns with the court's need for effective communication and efficient administration"); *SEC v. Poirier*, No. 96–02243, 2007 WL 2462173, at *2 (D. Ariz. Aug. 24, 2007) ("circumstances of this case, including [defendant's] contempt of court and current residence in British Columbia," warrant denial of withdrawal motion because "counsel provides an invaluable mechanism for communication and service upon [the out of country defendant] in his absence").

As in *Poirier,* the Canadian NDG Defendants reside in Canada. If the Court grants the Motion, the Bureau's efforts to obtain discovery will be further complicated and delayed by the very limited means of communication with any of the Canadian NDG Defendants.

## IV. Conclusion

For the foregoing reasons, the Bureau requests that the Court deny the Motion for Withdrawal of Appearance.

Dated: July 3, 2017											Respectfully submitted,

ANTHONY ALEXIS
Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director

CYNTHIA LESSER
Assistant Deputy Enforcement Director

/s/ Charles R. Gayle
CHARLES R. GAYLE
Phone: (202)435-9555
E-Mail: charlie.gayle@cfpb.gov
RINA TUCKER HARRIS
Phone (202)435-9196
E-Mail: rina.harris@cfpb.gov
JESSICA DIVINE
Phone: (202)435-7863
E-Mail: jessica.divine@cfpb.gov

1700 G Street NW
Washington, DC 20552

Attorneys for Plaintiff
Consumer Financial Protection Bureau

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of July, 2017, the foregoing Opposition to the NDG Defendants' Counsel's Motion for Withdrawal of Appearance was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Charles R. Gayle
CHARLES R. GAYLE
Enforcement Attorney
Consumer Financial Protection Bureau
