UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CONSUMER FINANCIAL PROTECTION
BUREAU,

                Plaintiff,

  -against-

NDG FINANCIAL CORP., et al.,                   15-cv-5211 (CM)

                Defendants,

PETER ASH, et al.,

                Relief Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CANADIAN NDG DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF DECHERT'S MOTION TO WITHDRAW

The Canadian NDG Defendants[1] have directed their counsel to withdraw their appearances in this matter. The companies have been winding down their business for several years now. They understand that such a withdrawal is likely to result in a default judgment being entered against them, and they are prepared to accept the legal consequences that could follow from such a default. Under these circumstances, Dechert's motion to withdraw should be granted, and the CFPB's arguments in opposition to the motion, which lack any basis in law or facts should be rejected.

Indeed, the CFPB's opposition relies principally upon a case in which the Court ultimately granted counsel's motion to withdraw, *SEC v. Gibraltar Global Securities*, No. 13-cv-

---

[1] The Canadian NDG Defendants are: Defendants NDG Financial Corporation, E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders, Kimberly DeThomas, Jeremy Sabourin, and William Wrixon, and Relief Defendants Emerald Willow Holdings, Ltd., Red River Holdings Company Ltd., and Twillingate Holdings Ltd.

1

2575, Dkt. 73, Order (S.D.N.Y. July 2, 2015), and it otherwise cites inapposite cases outside of this Circuit. Those citations obscure the fact that this Court routinely permits counsel to withdraw under similar circumstances. *See, e.g.*, *Taub v. Arrayit Corp.*, No. 15-cv-1366, 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016); *Ameruso v. City of New York*, No. 15-cv-3381, 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27. 2016). The CFPB simply cannot ignore longstanding and ample authority granting withdrawal, where, as here, a party expressly states it no longer intends to defend against the action. *See, e.g., Wax NJ-2, LLC v. JFB Const. & Development*, 111 F. Supp. 3d 434, 445 (S.D.N.Y. 2015); *Mario Valente Collezioni, Ltd. v. Semeraro*, No. 02-cv-196, 2004 WL 1057790, at *1. In addition, the CFPB's concern that it cannot communicate with the Canadian NDG Defendants after the latter have withdrawn is unfounded and, in any case, easily addressed.

Because the Canadian NDG Defendants have decided that they no longer wish to expend the resources necessary to defend the action, Dechert's motion to withdraw should be granted.

## ARGUMENT

The CFPB states three reasons for opposing Dechert's motion to withdraw: first, that counsel has not provided a sufficient basis for withdrawal; second, that withdrawal will frustrate the CFPB's ability to obtain discovery; and third, that the CFPB has no means of contacting the Canadian NDG Defendants. None of these arguments has any merit.

### I.  The Canadian NDG Defendants' Intent To Discontinue Their Defense Is a Sufficient Basis For Withdrawal of Counsel

Contrary to the CFPB's opposition, a party's decision that it will no longer defend the action is a well-established basis to grant withdrawal of counsel. In *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 122-23 (2d Cir. 2011), the Court of Appeals recognized that the lower court had permitted counsel to withdraw after the defendant had represented that it did not intend

to continue defending the case.  Other courts in this Circuit have granted withdrawal based on similar representations.  *See Wax NJ-2*, 111 F. Supp. 3d at 445 (granting counsel's motion to withdraw despite being on eve of trial where defendant "expressed intent not to defend itself any further"); *Mario Valente Collezioni,* 2004 WL 1057790, at *1 (S.D.N.Y. May 10, 2004) (granting withdrawal motion where "both groups of defendants no longer intend to defend against plaintiff's claims").

In this action, the Canadian NDG Defendants have decided to discontinue their defense, and they have communicated that directive to their counsel and to the Court, by their withdrawal motion and the accompanying affidavits.  As such, they have provided a sufficient basis for withdrawal on the face of the withdrawal papers.  The CFPB offers no persuasive argument to the contrary.

Even so, the CFPB cannot seriously represent to the Court that it has been taken by surprise by this motion.  The withdrawal motion is not the first or only time that the Canadian NDG Defendants' strategy of "settlement or default," as the CFPB puts it, has been discussed with counsel for the CFPB.   While the Gayle Declaration implied that the Canadian NDG Defendants first raised the possibility of default on June 13, 2017, in the context of discovery, Dkt. 139, Gayle Decl., ¶ 40, the Canadian NDG Defendants have discussed the possibility of default over the course of this litigation in the context of good faith efforts to reach a settlement, long before the CFPB served any discovery requests.   Brown Reply Decl., ¶¶ 2-3.

In the course of those discussions, counsel conveyed to the CFPB that the Canadian NDG Defendants had no business in the United States, and that Northway Financial had stopped lending in the United States years before.  The Canadian NDG Defendants were winding down their business activities at the time of the CFPB's lawsuit, had no assets in the United States, and

would likely not have the resources to defend the case through trial.  While the Canadian NDG Defendants sought to preserve their objection to this Court's exercise of personal jurisdiction, they preferred to reach a consensual resolution that would avoid the burdens and costs of discovery, which would reduce the available funds to be paid in settlement.  Brown Reply Decl., ¶¶ 2-3.  For this reason, and consistent with this strategy, the Canadian NDG Defendants have not served a single request on the CFPB.

Following the parties' conversation on June 13, 2017, the CFPB requested that the Court refer a "discovery dispute" to the magistrate judge.  Dkt. 139, Gayle Decl., ¶ 42.  Consistent with Counsel's representation that the Canadian NDG Defendants would not defend the action, Counsel prepared and filed its withdrawal papers in advance of the conference before the magistrate judge.  Dkt. 133, Notice of Motion for Withdrawal of Appearance.  Counsel for the Canadian NDG Defendants immediately informed Counsel for the CFPB that the Canadian NDG Defendants would move to withdraw.  Counsel for the Canadian NDG Defendants further advised Judge Francis's Chambers that withdrawal was imminent and would obviate the need for a conference on the discovery dispute.  Dkt. 139-21, Gayle Decl. Ex. 21.  The CFPB requested that the discovery conference nonetheless take place, yet Judge Francis adjourned any conference *sine die*.

The CFPB now argues that the papers supporting withdrawal are defective.   They are not.  Counsel filed its withdrawal motion on June 27, 2017, stating "[t]he Canadian NDG Defendants do not intend to continue defending this action in this forum." Dkt. 134, Brown Decl., ¶ 4.  A supporting declaration from the former in-house counsel (and current consultant) to NDG Financial stated that Kimberly DeThomas, Jeremy Sabourin, and William Wrixon "instructed Dechert LLP to withdraw and that they under[stood] the consequences of such

withdrawal.  Having previously objected to the Court's jurisdiction, the Canadian Defendants and the Canadian Relief defendants do not intend to continue defending this action in this forum."  Dkt. 135, Kells Decl., ¶ 3.

In view of the Canadian NDG Defendants' clear and unequivocal statement that they no longer wish to defend this action in this forum, Dechert's motion and accompanying materials state a plainly sufficient reason for withdrawal.  The CFPB's arguments to the contrary are meritless.

## II.     The CFPB's Desire For Discovery Provides No Basis To Deny Dechert's Motion

The CFPB essentially argues that Dechert should remain in the case so that the CFPB may obtain its requested discovery.  But if the Canadian NDG Defendants do not intend to defend the case, then there are no contested facts for which discovery would be required.  Dechert's presence or absence thus will not affect discovery in this matter.  Indeed, courts in the Second Circuit generally grant withdrawal of counsel while discovery is ongoing.  *See Taub*, 2016 WL 4146675, at *2 ("'[Where] discovery has not yet closed and the matter is not trial-ready, withdrawal of counsel is unlikely to cause undue prejudice.'"); *see also City of New York*, 645 F.3d at 123 (noting lower court permitted counsel to withdraw though depositions had already been scheduled and defendants subsequently defaulted).

The CFPB cites only a single interlocutory decision within this Circuit in which a motion to withdraw was denied, *SEC v. Gibraltar*, No. 13-cv-2575, 2015 WL 2258173 (S.D.N.Y. May 8, 2015).  The CFPB fails to mention, however, that while the Magistrate Judge denied withdrawal without prejudice (for reasons not applicable here), the District Court granted withdrawal soon thereafter.  Far from supporting the CFPB, the procedural history in *Gibraltar* confirms withdrawal here.

The *Gibraltar* case involved two foreign defendants who did not wish to defend the action or to participate in discovery. *Id*. at *1. Their counsel therefore moved to withdraw. At the time of the withdrawal, Magistrate Judge Francis had ordered the *Gibraltar* defendants to produce documents and to appear for a deposition. *Id*. at *3. The Magistrate Judge recognized that "when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances." *Id.* (quoting *Casper v. Lew Lieberbaum & Co.,* No. 97 Civ. 3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999)). The Magistrate Judge further recognized that, "[i]n cases where discovery has not yet closed and trial is months away, the impact of withdrawal is typically not substantial enough to counsel against it." *Id.* at *4. Nonetheless, the Magistrate Judge took exception to the fact that the motion for withdrawal came immediately after the Court had issued a discovery order. Accordingly, the Magistrate Judge denied the motion to withdraw without prejudice, subject to a showing of compliance with the Court's prior discovery order and the provision of contact information for the foreign defendants. *Id*. at *4.

While the CFPB cites the Magistrate Judge's opinion, it completely ignores the fact that the District Court subsequently **granted** the motion to withdraw without the foreign defendants ever complying with the discovery order. One month after the Magistrate Judge's ruling, Counsel for the *Gibraltar* defendants renewed the request for withdrawal before the District Court. Counsel made clear that the foreign defendants had not complied with the requested discovery. *See* Brown Decl., Ex. A (*SEC v. Gibraltar*, No. 13-cv-2575, Dkt. 67, Letter dated June 12, 2015) ("Both defendants have concededly and unfortunately failed to produce court-ordered discovery. Davis has indicated emphatically that he does not wish to defend these cases and instructed us to withdraw as counsel."). The District Court granted the motion to withdraw

without opinion.  *See* Brown Decl., Ex. B (*SEC v. Gibraltar*, No. 13-cv-2575, Dkt. 73, Order dated July 2, 2015).

The CFPB therefore gets nowhere by relying upon *Gibraltar* in opposition to this motion. In contrast with *Gibraltar*, the Canadian NDG Defendants have not litigated any open discovery issues prior to moving to withdraw.  Neither this Court nor the Magistrate Judge has issued any discovery order against them.  Nor can the CFPB aver that Defendants' decision not to defend the action has come as a surprise.  The Canadian NDG Defendants have been neither obstreperous nor dilatory, and, as set forth above, they have been fully transparent with respect to their position.  Even if the facts here were analogous to *Gibraltar*, which they are not, the District Court's grant of withdrawal in that case ultimately confirms that an opposing party's interest in discovery from a withdrawing defendant is not a sufficient reason to deny a motion to withdraw.

Finally, the CFPB protests that Dechert's withdrawal would impede the CFPB's ability to communicate with the Canadian NDG Defendants because the CFPB lacks contact information for the Canadian NDG Defendants.   There is no basis for this concern.  First, the CFPB made no such objection – nor did it oppose the motion – when Dechert withdrew as counsel for Northway Financial or Northway Broker.  Second, the CFPB served process in Canada to commence this lawsuit and argued that service was proper and effective, which undermines its current suggestion that it will lack any ability to contact the defendants upon withdrawal.  Even if sincere, standing alone, the difficulty of contacting a party going forward is no basis to deny a motion to withdraw.  In any case, this concern is easily remedied:  Upon request, the identity of Canadian counsel for each of the Canadian NDG Defendants can be provided to the CFPB.

In light of the foregoing, Dechert's motion to withdraw is valid, and there is no basis in law or fact to deny it.

## CONCLUSION

The Court should grant Dechert's motion to withdraw.

Dated: New York, New York
July 10, 2017

*/s/Jeffrey Brown*
Jeffrey Brown