USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Consumer Financial Protection Bureau,

Plaintiff,

v.

NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,

Defendants,

Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.,

Relief Defendants.

Case No. 15-cv-5211 (CM)

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY)**

The United States District Court for the Southern District of New York presents its compliments to the Supreme Court of the Province of British Columbia, Canada and requests assistance to compel the testimony of witnesses to be used in a civil proceeding before this Court in the above-captioned action. This Court requests the assistance described herein as necessary in the interests of justice.

## I. Summary of Action

The Consumer Financial Protection Bureau ("Bureau") is an agency of the United States government responsible for enforcing federal consumer financial protection laws

in the United States. Pursuant to that authority, the Bureau filed the above captioned action on July 6, 2015, alleging that the Defendants violated the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a), 5564(a); and the Credit Practices Rule, 16 C.F.R. § 444.2(a)(3)(i)-(iii) by using a series of interrelated Canadian and Maltese companies (collectively, with the individual Defendants and Relief Defendants, the "NDG Enterprise") to operate an illegal online payday lending business targeting United States consumers in all fifty states. As set forth more fully in the First Amended Complaint ("FAC"), the Bureau alleges that the NDG Enterprise operated under common control, commingled funds, and shared employees, officers, and directors. Despite having separate corporate identities, the entities are alleged to have worked together as a common enterprise to market, originate, service, and collect the loans. The Bureau further alleges that the Relief Defendants received funds to which they were not legally entitled as a direct result of the Defendants' unlawful actions. The Relief Defendants are all Canadian residents and entities.

On December 2, 2016, this Court denied the Defendants' and Relief Defendants' motion to dismiss. The Court ruled that it had personal jurisdiction over the Canadian and Maltese Defendants and Relief Defendants because each had transacted business in New York either in person or through an agent and that they had purposefully availed themselves of the privileges and protections of New York and Federal law. The Court also held that the FAC set forth facts sufficient to allege that the corporate Defendants operated as a common enterprise, the individual Defendants knew about or had authority to control the challenged practices, and the Relief Defendants received funds to which they were not legally entitled. On March 21, 2017, the Court set forth its discovery schedule, requiring the parties to complete discovery by December 29, 2017.

On March 30, 2017, the parties agreed to a confidentiality order and document submission standards, and discovery is now underway. The Bureau has served discovery requests on the Defendants and Relief Defendants. Certain Defendants and Relief Defendants have served discovery requests on the Bureau.

Following the Court's ruling on the motion to dismiss, the Maltese Defendants Northway Financial Corp., Ltd. and Northway Broker, Ltd. filed declarations with the Court stating that they do not intend to defend the action. More recently, counsel for thirteen additional Canadian individual and corporate Defendants and Relief Defendants filed a motion to withdraw as counsel, indicating that those Defendants also do not intend to defend the action. The Court denied the motion to withdraw as counsel and granted the Bureau's motion to compel those same Defendants and Relief Defendants to respond to the Bureau's discovery requests. The remaining Defendants and Relief Defendants are, the Bureau alleges, the original owners and creators of the NDG Enterprise (and their corporate alter egos) who exercised control over the NDG Enterprise and benefitted from its illegal practices through the relevant period.

## II. Reasons for the Request

In defending this lawsuit, the Defendants generally deny the Bureau's allegations that they operated an illegal online payday lending scheme that targeted United States consumers. The Court has made no determination as to whether the facts are as alleged or, if so, whether they would constitute a violation of the laws set forth in the FAC.

Among the facts claimed to be at issue in this lawsuit are (a) whether and how the Defendants operated an illegal online payday lending scheme; (b) whether and how the Defendants operated the scheme as a common enterprise; (c) whether and how the Defendants targeted United States consumers, including consumers in New York; (d)

whether and how the Defendants controlled other Defendants in connection with the scheme; and (e) what is the volume, if any, of illegal loans that the Defendants made to United States consumers.

## III. Assistance Required

This Court respectfully requests that the British Columbia Supreme Court compel seven witnesses to appear before a qualified Court Reporter or Official Examiner and give testimony pursuant to the *Canada Evidence Act*, R.S. 85, c. C-5, Part II, Section 46, and Section 53 of the British Columbia *Evidence Act*. The testimony given is expected to be offered as evidence during summary judgment and/or trial of this case pursuant to Rules 32 and 56 of the Federal Rules of Civil Procedure for the United States District Courts. This Court also requests that the British Columbia Supreme Court compel the production of certain bank records.

This Court requests that, so far as consistent with applicable Canadian and British Columbia law, the testimony be taken pursuant to the provisions of the Federal Rules of Civil Procedure for the United States District Courts, the Rules of the United States District Court for the Southern District of New York, and the discovery orders that have been entered by the Court in this action. The Court further requests that the testimony be recorded, transcribed, and videotaped and that United States counsel for the parties be permitted to examine the witnesses.

This Court has jurisdiction under the Federal Rules of Civil Procedure for the United States District Courts to order the testimony from any person within its jurisdiction regarding any matter that is relevant to the subject matter of the pending action. The evidence sought from these witnesses is relevant to the nature of the Defendants' alleged illegal online payday lending scheme. Attempts to obtain this

evidence voluntarily from the witnesses in the absence of a court order have not been successful. Several witnesses raised confidentiality and privacy concerns, several witnesses would not agree to speak with the Bureau voluntarily, and the Bureau was unable to contact several witnesses by phone. The evidence is not otherwise obtainable through this Court's compulsory process, given the witnesses' presence outside this jurisdiction. The evidence is necessary in order to do justice in this case.

This Court also has jurisdiction under the Federal Rules of Civil Procedure for the United States District Courts to order the production of documents from any person regarding any matter that is relevant to the subject matter of the pending action. The evidence sought from the Bank of Montreal ("BMO") is relevant to determining the structure of the alleged NDG Enterprise and the flow of money through the various accounts of the alleged Enterprise. The evidence is necessary in order for this Court to determine the amount of redress to be awarded, if any, at trial. The evidence is not otherwise obtainable through this Court's compulsory process, and is necessary in order to do justice in this case.

Therefore, the Court respectfully requests that, in the interest of justice, the British Columbia Supreme Court issue appropriate orders, subpoenas, or other process necessary to compel the testimony of the following witnesses and the production of documents in the manner described herein:

**a. Former NDG Enterprise Employees**

**i. Roo Chang**

Roo Chang is a former Treasury Manager of Defendant NDG Financial Corp. and E-Care Contact Centers, Ltd. who managed banking and payment processing relationships on behalf of the alleged NDG Enterprise from September 2007 until

October 2011. The Bureau seeks testimony from Ms. Chang about: her establishment and management of third-party payment service provider relationships, the complex structure and operation of the alleged NDG Enterprise; the approach of the alleged NDG Enterprise to regulatory compliance and licensing; the marketing of loans through Blizzard Corporation; and the flow of money within the alleged NDG Enterprise and to and from United States consumers. She resides at 8838 Delvista Drive, Delta, British Columbia, Canada V4C4A5.

**ii. Annie Wang**

Annie Wang is a former Treasury Analyst for Defendant E-Care Contact Centers Ltd. and NDG Financial Corp. From July 2011 through January 2014, she managed banking and payment processing relationships on behalf of the alleged NDG Enterprise. The Bureau seeks testimony from Ms. Wang about her knowledge of the complex structure and operation of the alleged NDG Enterprise and the flow of money within the alleged NDG Enterprise, including (1) to and from accounts in the names of Northway Financial Corp., Ltd., New Northway S.A., and Northway Broker Ltd., (2) to Peter Ash, Paul Ash, and Paul Grehan, and (3) to and from United States consumers. The Bureau also seeks testimony from Ms. Wang about the establishment and management of third-party payment service provider relationships. She resides at 402-720 Hamilton Street, New Westminster, British Columbia, Canada V3M7A6.

**iii. Julia Zhu**

Julia Zhu is a former Treasury Manager for Defendant NDG Financial Corp. She managed banking and payment processing relationships on behalf of the alleged NDG Enterprise from May 2012 through June 2015. The Bureau seeks testimony from Ms. Zhu about her knowledge of the complex structure and operation of the alleged NDG

Enterprise, including her responses to banks' due diligence questions about the alleged Enterprise. The Bureau also seeks testimony from Ms. Zhu about the alleged NDG Enterprise's use of websites, including cashtaxi.com, pixycash.com, and zip19.com to market loans to United States consumers. In addition, the Bureau seeks testimony about the approach of the NDG Enterprise to regulatory compliance and licensing, and communications Ms. Zhu may have had with third parties regarding the Enterprise's lending operations. Finally, the Bureau seeks testimony regarding the flow of money within the alleged NDG Enterprise and to and from United States consumers. She resides at 5810 Booth Avenue, Burnaby, British Columbia, Canada V5H3A8.

**iv. May Chan**

May Chan is a former Director of Finance for Defendant NDG Financial Corp., E-Care Contact Centers, and Blizzard Interactive Corporation. She was a senior manager responsible for overseeing the financial affairs of the alleged NDG Enterprise from May 2006 through November 2015. Ms. Chan was a senior financial executive who managed four departments: Finance, Treasury, Internal Audit, and Business Analyst. The Bureau seeks testimony from Ms. Chan about: her knowledge of the complex structure and operation of the alleged NDG Enterprise; the approach of the alleged NDG Enterprise to regulatory compliance and licensing; and the flow of money within the alleged NDG Enterprise and to and from United States consumers. She resides at 1585 East 54th Avenue, Vancouver, British Columbia, Canada V5P4W4.

**b. BMO Employees**

**i. Doug Patton**

Doug Patton is a Vice President and Market Manager at BMO Private Banking in Vancouver. Until 2011, Mr. Patton was the portfolio manager for accounts controlled by

the alleged NDG Enterprise and was responsible for conducting due diligence on the alleged NDG Enterprise. The Bureau seeks testimony from Mr. Patton regarding the portfolio for borrower NDG Financial Corp./Northway Financial Corporation Ltd., associated with the BMO internal client UBN Code of B20101551001480, which he managed. Mr. Patton works at the BMO premises located at 595 Burrard Street, Sixth Floor, Vancouver, British Columbia V7X1L7.

**ii. Andrew Hung**

Andrew Hung is the Head of Corporate Finance at BMO in Vancouver. From 2011 through 2013, Mr. Hung was the portfolio manager for accounts controlled by the alleged NDG Enterprise and he was responsible for conducting due diligence on the alleged NDG Enterprise. Mr. Hung succeeded Doug Patton as portfolio manager on the alleged NDG Enterprise accounts. The Bureau seeks testimony from Mr. Hung regarding the portfolio for borrower NDG Financial Corp./Northway Financial Corporation Ltd., associated with the BMO internal client UBN Code of B20101551001480, which he managed. He works at 595 Burrard Street, Sixth Floor, Vancouver, British Columbia V7X1L7.

**iii. Michelle Duncan**

Michelle Duncan is a Director in the Corporate Finance Division of BMO in Vancouver. During 2013 and possibly beyond, Ms. Duncan was the portfolio manager for accounts controlled by the alleged NDG Enterprise and she was responsible for conducting due diligence on the alleged NDG Enterprise. Ms. Duncan succeeded Andrew Hung as portfolio manager on the alleged NDG Enterprise accounts and made a recommendation, which was ultimately followed, to terminate BMO's relationship with

the alleged Enterprise. The Bureau seeks testimony from Ms. Duncan regarding the portfolio for borrower NDG Financial Corp./Northway Financial Corporation Ltd., associated with the BMO internal client UBN Code of B20101551001480, which she managed. She works at 595 Burrard Street, Sixth Floor, Vancouver, British Columbia V7X 1L7.

**c. Documents from BMO**

At all times relevant to this action, the alleged NDG Enterprise maintained bank accounts at BMO. The accounts were managed by the Corporate Finance Division of BMO Bank of Montreal, located at 595 Burrard Street, Sixth Floor, Vancouver, British Columbia V7X1L7. For the period of January 1, 2012 to the present, the Bureau seeks the following records for all accounts related to the borrower NDG Financial Corp./Northway Financial Corporation Ltd., associated with the BMO internal client UBN Code of B20101551001480 ("NDG Accounts"):

i. All periodic account statements for all NDG Accounts;

ii. All account opening forms related to all NDG Accounts;

iii. All signature cards, corporate resolutions, and all other documents regarding signatories on all NDG Accounts;

iv. All cheques (front and back), wire transfers (including ownership information, if available, for the incoming and outgoing account), receipts, debit and credit memos, and all other documents which reflect the movement of cash into or out of any of the NDG Accounts;

v. All email correspondence, internal or external, regarding any NDG Account, including correspondence regarding specific transactions;

vi. All risk assessments, funding authorization, or due diligence analysis, including application materials and underlying documentation, relating to any NDG Account.

***

The Bureau agrees to provide appropriate payment for expenses as the witness would normally be entitled to before the British Columbia Supreme Court.

Pursuant to Section 1782 of Title 28 of the United States Code, this Court stands ready to extend similar assistance to the Courts of British Columbia in like cases.

Date: 08/11/2017

HONORABLE COLLEEN MCMAHON
CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK