| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,<br><br>Defendants<br><br>Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.<br><br>Relief Defendants | Case No. 15cv5211 (CM)(RWL) |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL**

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND BACKGROUND .......... 1

ARGUMENT .......... 2

I. The Court should dismiss the Participating Defendants because dismissal will not prejudice any defendant .......... 2

II. Dismissal of the Participating Defendants is appropriate under Rule 41(a)(2) or, in the alternative, Rule 15(a)(2) .......... 3

CONCLUSION .......... 4

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Commercial Recovery Corp. v. Bilateral Credit Corp., LLC*, No. 12-cv-5287 (CM), 2013 WL 8350184 (S.D.N.Y. Dec. 19, 2013) .......... 2

*Gen. Foods Corp. v. Jay V. Zimmerman Co., Inc.*, No. 86-cv-2697 (KMW), 1990 WL 115714 (S.D.N.Y. Aug. 7, 1990) .......... 3

*Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953) .......... 3

*Mut. Ben. Life Ins. Co. in Rehab v. Carol Mgmt. Corp.*, No. 93-cv-7991 (LAP), 1994 WL 570154 (S.D.N.Y. Oct. 13, 1994) .......... 3

*Paulino v. Taylor*, 320 F.R.D. 107 (S.D.N.Y. 2017) .......... 2

*SEC v. Lorin*, 869 F. Supp. 1117 (S.D.N.Y. 1994) .......... 2

*Seidman v. Chobani, LLC*, No. 14-cv-4050 (PGG), 2016 WL 1271066 (S.D.N.Y. Mar. 29, 2016) .......... 3, 4

*Small v. Nobel Biocare USA, LLC*, No. 06-cv-683(NRB), 2012 WL 4017305 (S.D.N.Y. Sept. 7, 2012) .......... 3

*Wakefield v. N. Telecom, Inc.*, 769 F.2d 109 (2d Cir. 1985) .......... 4

## Rules

Fed. R. Civ. P. 15(a)(2) .......... 1, 4

Fed. R. Civ. P. 41(a) .......... 3

Fed. R. Civ. P. 41(a)(1) .......... 3

Fed. R. Civ. P. 41(a)(2) .......... 1, 2, 3, 4

## INTRODUCTION AND BACKGROUND

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Consumer Financial Protection Bureau (the "Bureau") respectfully submits this Memorandum in support of its motion for voluntary dismissal with prejudice of Peter Ash, Sagewood Holdings Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, and 0562752 B.C. Ltd. (the "Participating Defendants"). The Bureau also submits this Memorandum in support of its request in the alternative for leave to amend its complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to drop all claims against the Participating Defendants.

The Bureau filed this action against twenty-one defendants and relief defendants, alleging that they engaged in an illegal online payday lending scheme ("the NDG Enterprise") that targeted New York and United States consumers. Fifteen defendants have ceased defending the action and have indicated that they intend to default: Northway Financial Corp., Ltd., Northway Broker Ltd., NDG Financial Corp., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Kimberly DeThomas, Jeremy Sabourin, William Wrixon, Emerald Willow Holdings, Ltd., Red River Holdings Company Ltd., and Twillingate Holdings Ltd. (the "Defaulting Defendants"). *See* ECF 116, 134. Before resolving this case with respect to the Defaulting Defendants, the Bureau seeks to dismiss this action against the Participating Defendants. The Bureau respectfully requests that the Court dismiss all claims against the Participating Defendants, with each party bearing its own fees and costs.

## ARGUMENT

### I. The Court should dismiss the Participating Defendants because dismissal will not prejudice any defendant

Under Rule 41(a)(2), the Bureau may obtain a voluntary dismissal by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017). Where, as here, a plaintiff seeks dismissal of claims with prejudice, courts have found that the preclusive effect of the dismissal renders the risk of prejudice quite low. *SEC v. Lorin*, 869 F. Supp. 1117, 1119 (S.D.N.Y. 1994) (granting motion for voluntary dismissal with prejudice because "it is difficult to understand how dismissal with prejudice will adversely affect [the defendant]"); *see Commercial Recovery Corp. v. Bilateral Credit Corp., LLC*, No. 12-cv-5287 (CM), 2013 WL 8350184, *5 (S.D.N.Y. Dec. 19, 2013) ("[C]ourts have generally subjected motions for voluntary dismissal *with* prejudice to far less scrutiny, chiefly because such a dismissal 'constitutes a final judgment with the preclusive effect of res judicata. . . .") (internal quotation marks omitted).

Dismissal is appropriate in this case because it would not prejudice any defendant. The Participating Defendants, who consent to this motion, would not be prejudiced because the dismissal would terminate all claims against them and have preclusive effect. *Lorin*, 869 F. Supp. at 1119; *Commercial Recovery Corp.*, 2013 WL 8350184 at *5. Dismissal would also not prejudice the Defaulting Defendants, who have made clear they do not intend to defend the action and have willfully ignored this

Court's orders. Having already abandoned their defense, there is no further prejudice they could suffer as a result of the dismissal of claims as to other defendants.

## II. Dismissal of the Participating Defendants is appropriate under Rule 41(a)(2) or, in the alternative, Rule 15(a)(2)

District courts in this Circuit have held that Federal Rule of Civil Procedure 41(a) is the appropriate vehicle for dismissal of all claims against some but not all defendants in a case. *See Gen. Foods Corp. v. Jay V. Zimmerman Co., Inc.*, No. 86-cv-2697 (KMW), 1990 WL 115714, *2 (S.D.N.Y. Aug. 7, 1990) ("The weight of authority holds that, pursuant to Fed. R. Civ. P. 41(a)(1), a plaintiff may dismiss its claims against less than all defendants in a multi-defendant case.") (citing cases); *Small v. Nobel Biocare USA, LLC*, No. 06-cv-683(NRB), 2012 WL 4017305, *3 (S.D.N.Y. Sept. 7, 2012) (dismissing all claims against one defendant in a multi-defendant case pursuant to Fed. R. Civ. P. 41(a)(2)); *see also Seidman v. Chobani, LLC*, No. 14-cv-4050 (PGG), 2016 WL 1271066, *1 (S.D.N.Y. Mar. 29, 2016) ("District courts within the Second Circuit have . . . adopted the approach of the majority of courts in other circuits—that is, that Rule 41(a) does not require dismissal of the action in its entirety.") (internal quotation marks omitted). In doing so, courts have rejected an earlier opinion of the Court of Appeals for the Second Circuit, *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), which held that Rule 41 allows for the dismissal of entire actions, rather than claims or parties. *See Mut. Ben. Life Ins. Co. in Rehab v. Carol Mgmt. Corp.*, No. 93-cv-7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (noting the numerous cases, including Second Circuit cases, criticizing and rejecting *Harvey,* and holding that *Harvey* is "no longer persuasive authority" on the issue of whether Fed. R. Civ. P. 41(a) is limited to the dismissal of entire actions). Accordingly, because the Bureau seeks to

dismiss all claims against certain parties, dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is appropriate here.

In the alternative, if the Court denies the Bureau's Rule 41(a)(2) motion because it does not seek dismissal of all defendants, the Bureau seeks leave to amend its complaint pursuant to Rule 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with written consent of opposing parties or with the court's leave; and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The amended complaint would remove the Participating Defendants as parties and would delete any claims that are specific to those defendants. Courts in this Circuit have held that the analysis for granting dismissal under Rule 41(a)(2) and Rule 15(a)(2) is identical; for a dismissal under either Rule, a court should engage in the same inquiry into prejudice against the defendant. *See Seidman*, No. 14-cv-4050 (PGG), 2016 WL 1271066, at *1 (S.D.N.Y. Mar. 29, 2016) (citing *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985), and collecting cases). Therefore, if the Court deems it appropriate to consider this motion under Rule 15(a)(2), it should be granted for the reasons discussed in Section I, *supra*.

## **CONCLUSION**

For the foregoing reasons, the Bureau requests that the Court grant its motion for voluntary dismissal against the Participating Defendants, with each side bearing its own costs and fees.

Dated: November 21, 2017

Respectfully submitted,

KRISTEN A. DONOGHUE
Enforcement Director

DAVID RUBENSTEIN

Deputy Enforcement Director

CYNTHIA LESSER
Assistant Deputy Enforcement Director

/s/ Charles R. Gayle
CHARLES R. GAYLE
Phone: (202) 435-9555
E-Mail: charlie.gayle@cfpb.gov
JESSICA DIVINE
Phone: (202) 435-7863
E-Mail: jessica.divine@cfpb.gov
SHIRLEY CHIU
Phone: (202) 435-7592
Email: shirley.chiu@cfpb.gov

1700 G Street NW
Washington, DC 20552

Attorney for Plaintiff
Consumer Financial Protection Bureau