UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>      Plaintiff,<br><br>      v.<br><br>NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,<br><br>      Defendants<br><br>Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.<br><br>      Relief Defendants | Case No. 15cv5211 (CM)(RWL)<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST THE CANADIAN NDG DEFENDANTS** |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. STATEMENT REGARDING LOCAL RULE 37.2......................................................................1

III. FACTUAL AND PROCEDURAL BACKGROUND....................................................................2

IV. ARGUMENT .......................................................................................................................5

    A.    This Court should impose severe sanctions against the Canadian NDG Defendants for failing to comply with this Court's July 20, 2017 Order. ..........5

        1.    The Canadian NDG Defendants' noncompliance with this Court's July 20 Discovery Order was willful............................................................................6

        2.    The efficacy of lesser sanctions in this case will not effectuate the goals of Rule 37. ......................................................................................................6

            a.    Evidence preclusion and an adverse inference are appropriate sanctions in this case............................................................................7

            b.    Entry of default judgment is also an appropriate sanction in this case. .........................................................................................................9

        3.    The duration of the Canadian NDG Defendants' noncompliance weighs in favor of severe discovery sanctions. .......................................................10

        4.    The Canadian NDG Defendants received warning from this Court that they could be sanctioned for not complying with the July 20 Discovery Order. ........................................................................................................11

V. CONCLUSION ..................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agiwal v. Mid Island Mortgage Corp.,* 555 F.3d 298 (2d Cir. 2009) .............................. 5

*American Cash Card Corp. v. AT&T*, 184 F.R.D. 521 (S.D.N.Y. 1999) ............................. 9

*Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849 (2d Cir. 1995) ............................... 9

*Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2d. Cir. 1991) ........................................................................................................... 5, 8

*Ebewo v. Martinez*, 309 F. Supp. 2d 600 (S.D.N.Y. 2004) ............................................... 8

*Funnekotter v. Agric. Dev. Bank of Zim.*, No. 13 Civ. 1917 (CM), 2015 WL 3526661 (S.D.N.Y. June 3, 2015)......................................................................................... 5

*Guggenhein Capital, LLC v. Birnbaum,* 722 F.3d 444 (2d. Cir. 2013)......................... 5, 11

*Local Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Workers v. Car-win Constr., Inc.,* 88 F.Supp.3d 250 (S.D.N.Y. 2015) ................................. 5, 6, 10

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) ................................................................................ 9

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 2016 WL 6705773 (S.D.N.Y. Nov. 9, 2016) ................................................................................................................... 6

*Seena Int'l Inc. v. One Step Up, Ltd.*, No. 15-cv-01095 (PKC)(BCM), 2016 WL 2865350 (S.D.N.Y. May 11, 2016) ..................................................................................... 6, 7

*Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*, No. 15-CV-3533 (CM)(BCM), 2017 WL 2840279 (S.D.N.Y. June 27, 2017)...................................................... 6, 7, 10

*Update Art, Inc. v. Modiin Pub.*, Ltd., 843 F.2d 67 (2d Cir. 1988) .................................... 8

**Rules**

Fed. R. Civ. P 37(b)(2)(A) .................................................................................................. 5
Fed. R. Civ. P. 37 ............................................................................................................... 8
Fed. R. Civ. P. 37(b) ............................................................................................. 1, 2, 8, 10
Fed. R. Civ. P. 37(b)(2) ....................................................................................................... 5
Fed. R. Civ. P. 37(b)(2)(A) ............................................................................................ 1, 10
Fed. R. Civ. P. 37(b)(2)(A)(ii) ......................................................................................... 1, 5

Fed. R. Civ. P. 37(b)(2)(A)(vi) ..........................................................................1, 4, 5, 10, 11

L.R. 37.2 ................................................................................................................. 1, 2

I.   **INTRODUCTION**

Pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff Consumer Financial Protection Bureau ("Bureau") respectfully submits this memorandum in support of its motion for sanctions against Defendants NDG Financial Corp., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company, Ltd., William Wrixon, and Twillingate Holdings, Ltd. (the "Canadian NDG Defendants") for their failure to comply with the Court's July 20, 2017 Order granting the Bureau's motion to compel. The Bureau respectfully requests that this Court (1) render a default judgment against the Canadian NDG Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), (2) preclude the Canadian NDG Defendants from offering the withheld evidence in connection with the calculation of consumer harm pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), and (3) impose an adverse inference that the withheld evidence would corroborate any evidence the Bureau submits in order to establish the amount of a default judgment.

II.   **STATEMENT REGARDING LOCAL RULE 37.2**

On July 3, 2017, the Bureau moved to compel the Canadian NDG Defendants to respond to nineteen separate sets of discovery requests. ECF 137. Prior to filing that motion, the Bureau sought an informal discovery conference pursuant to Local Rule 37.2. On July 20, 2017, the Court granted the Bureau's motion to compel and ordered the Canadian NDG Defendants to respond to the Bureau's discovery requests within 20 days. ECF 146. The Court explained that if the Canadian NDG Defendants failed to

comply with the Court's order, the Court would entertain a motion for sanctions pursuant to Rule 37(b). All of the Canadian NDG Defendants have failed to comply with the Court's July 20, 2017 Order, and the Bureau now seeks sanctions against them pursuant to Rule 37(b). The Bureau respectfully submits that it has already satisfied Local Rule 37.2 by seeking a pre-motion discovery conference prior to the filing of its motion to compel.

### III. FACTUAL AND PROCEDURAL BACKGROUND

The Bureau has alleged in this action that Canadian NDG Defendants along with a combination of affiliated entities and individuals, including Peter Ash, Sagewood Holdings Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, and 0562752 B.C. Ltd. (the "Ash and Grehan Defendants") and Northway Financial Corp., Ltd. and Northway Broker, Ltd. (the "Maltese Defendants"), engaged in an illegal online payday lending scheme (the "NDG Enterprise") that targeted New York and United States consumers. The NDG Enterprise originated, serviced, and collected payday loans that the Bureau contends are void in whole or in part under state law in sixteen states including New York. Further, as alleged in the Bureau's First Amended Complaint (the "FAC") in this action, the Defendants misrepresented that federal and state law did not apply to the loans, and used deceptive and unfair tactics to secure repayment of the loans. The Bureau further alleges that the NDG Enterprise operated the scheme as a common enterprise with shared ownership, management, business functions, addresses, office space and employees located in Canada and Malta.

Defendants moved to dismiss the FAC, and on December 2, 2016, the Court denied Defendants' motion to dismiss, concluding that the Bureau had alleged sufficient facts to establish a *prima facie* case of personal jurisdiction over all Defendants under

2

New York's long-arm statute. The Court also found that the Bureau alleged sufficient facts to state claims for relief under the Consumer Financial Protection Act and Credit Practices Rule. ECF 98. After the Court denied the motion to dismiss, the Canadian NDG and Maltese Defendants filed a motion for reconsideration which the Court denied on December 19, 2016. ECF 107, 109. Thereafter, counsel for the Maltese Defendants filed a letter motion to withdraw, with an affidavit from an officer of the Maltese Defendants indicating that they did not file an answer to the FAC, they understood the consequences of their attorney's withdrawal, and they intend to defend the action. ECF 116. The Court granted the motion, ECF 117, and the Maltese Defendants have not participated in this action since that time.

On January 13, 2017, the Canadian NDG Defendants filed an answer to the FAC. ECF 112. On March 21, 2017, the Court ordered that all fact and expert discovery be completed by December 29, 2017. ECF 119. The Court notified the parties that there would be sanctions for "any efforts to delay discovery." Subsequently, the Bureau served discovery on all remaining represented Defendants, including Interrogatories and Requests for Production on all thirteen of the Canadian NDG Defendants.  Thereafter, the Canadian NDG Defendants chose not to respond to any of the discovery that the Bureau properly served upon them, which would have provided critical evidence about restitution amounts and affected consumers.

On June 27, 2017, counsel for the Canadian NDG Defendants, Dechert LLP ("Dechert"), filed its motion to withdraw. ECF 133. In the affidavits filed in support of its motion to withdraw, Dechert attorney, Jeffrey Brown, and former in-house counsel to the Canadian Corporate Defendants, Sean Kells, stated that "[t]he Canadian NDG

Defendants do not intend to continue defending this action in this forum." ECF 134, ¶ 4 and ECF 135, ¶ 3.

On July 3, 2017, the Bureau moved to compel the Canadian NDG Defendants to respond to nineteen separate sets of discovery requests, and submitted a memorandum in opposition to Dechert's motion to withdraw as counsel for the Canadian NDG Defendants. ECF 137, ECF 140. On July 10, 2017, counsel for the Canadian NDG Defendants filed its reply to the Bureau's opposition to its motion to withdraw, and filed in support of the reply, another affidavit from Dechert attorney, Jeffrey Brown, stating that the Canadian NDG Defendants "would rather default than bear the costs of discovery, if settlement could not be reached." ECF 143.

On July 20, 2017, the Court denied Dechert's motion to withdraw and granted the Bureau's motion to compel. ECF 146. The Court ordered the Canadian NDG Defendants to "respond or object to [the Bureau]'s discovery requests within 20 days" of the Order. ECF 146 at 2. The Court further stated that if any Defendant failed to comply with the Order, the Court would "entertain a motion for sanctions, including default judgment per Fed. R. Civ. P. 37(b)(2)(A)(vi)." *Id.* More than four months have passed since the Court ordered the Canadian NDG Defendants to respond or object to the Bureau's discovery. They have done neither; instead, they have simply ignored the Court's order entirely.

## IV. ARGUMENT

### A. This Court should impose severe sanctions against the Canadian NDG Defendants for failing to comply with this Court's July 20, 2017 Order.

When a party "fails to obey an order to provide or permit discovery" the District Court may issue "further just orders," Fed. R. Civ. P 37(b)(2)(A), including an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii), and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Where a party has failed to produce requested evidence, "[a] district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b) ." *Funnekotter v. Agric. Dev. Bank of Zim.*, No. 13 Civ. 1917 (CM), 2015 WL 3526661, at *4 (S.D.N.Y. June 3, 2015)(quoting *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d. Cir. 1991)).

The District Court is guided by the following the factors in determining the appropriate sanctions: "(1) the willfulness of the noncompliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party had been warned" that noncompliance would be sanctioned. *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Workers v. Car-win Constr., Inc.*, 88 F.Supp.3d 250, 264 (S.D.N.Y. 2015)(citing *Guggenhein Capital, LLC v. Birnbaum,* 722 F.3d 444, 451 (2d. Cir. 2013)); *Funnekotter,* 2015 WL 3526661 at * 4 (quoting *Agiwal v. Mid Island Mortgage Corp.,* 555 F.3d 298, 302-03 (2d Cir. 2009)). Here, an analysis of each of these four factors demonstrates that severe sanctions of default judgment, evidence preclusion, and adverse inference are warranted in this case.

5

### 1. The Canadian NDG Defendants' noncompliance with this Court's July 20 Discovery Order was willful.

This Court ordered the Canadian NDG Defendants to respond or object to discovery issued by the Bureau within 20 days of the order. ECF 146. Over four months later, they still have failed to comply. Where "defendants had the ability to comply, but they purposefully chose not to do so for reasons all their own and without first asking permission from this court" this Court has deemed such behavior "as a good a definition of 'willful' as any." *Local Union No. 40*, 88 F.Supp.3d at 264. The Canadian NDG Defendants' explanation – that they are choosing not to participate in discovery – does not justify failing to comply with the Federal Rules. Given their prior representations to the Bureau and to this Court that they *would* participate in the discovery process, Gayle Aff. ¶ 2, the Canadian NDG Defendants' failure to provide any discovery is in bad faith and constitutes willful noncompliance with the Court's orders.

### 2. The efficacy of lesser sanctions in this case will not effectuate the goals of Rule 37.

"Discovery sanctions serve a three-fold purpose: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general." *Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*, No. 15-CV-3533 (CM)(BCM), 2017 WL 2840279 at * 10 (S.D.N.Y. June 27, 2017)(quoting *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 2016 WL 6705773, at *3 (S.D.N.Y. Nov. 9, 2016)).

"The 'mildest' sanction for discovery misconduct is an order to reimburse the opposing party for expenses caused by the failure to cooperate." *Shanghai Weiyi,* 2017 WL 2840279 at *10 (quoting *Seena Int'l Inc. v. One Step Up, Ltd.*, No. 15-cv-01095 (PKC)(BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016)). "If monetary

6

sanctions are not sufficient, '[m]ore stringent orders may be issued', including adverse inference orders, preclusion orders 'prohibiting the introduction of evidence on particular points,' and orders 'deeming disputed issues determined adversely to the position of the disobedient party.'" *Shanghai Weiyi,* 2017 WL 2840279 at *10 (quoting *Seena Int'l,* 2016 WL 2865350 at *12)).

Here, lesser sanctions, such as monetary sanctions, cannot ensure that the Canadian NDG Defendants will not benefit from their failure to comply with the Court's July 20, 2017 Order, and are unlikely to obtain current compliance or deter future noncompliance. More importantly, lesser sanctions cannot remedy the precise harm the Canadian NDG Defendants have deliberately inflicted, including frustration of the Bureau's ability to establish required elements of proof, such as the amount of consumer harm and restitution.

### a. Evidence preclusion and an adverse inference are appropriate sanctions in this case.

Preclusion orders are entirely appropriate where the disobedient party has violated a court order to produce the evidence necessary to resolve the issue as to which preclusion is sought. *Shanghai Weiyi,* 2017 WL 2840279 at *10. Where the discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, an order prohibiting the disobedient party from contesting that issue— or simply directing that the matter be taken as established—is also appropriate. *Id.* at *11.

The Canadian NDG Defendants have withheld consumer-level information relevant to establishing the identities of consumers harmed by the alleged violations as well as the amount of that harm. The Bureau will be prejudiced from not being able to

review or analyze all available evidence in calculating consumer injury, if the Canadian NDG Defendants subsequently challenge that calculation. The Canadian NDG Defendants should not be permitted to refute the Bureau's calculations of the amount of consumer harm in a default judgment after they chose to not comply with the Bureau's discovery requests seeking that very same information.

While courts in the Second Circuit regard evidence preclusion as "a drastic remedy [that] should be exercised with discretion and caution," *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004), such a remedy is "necessary to achieve the purpose of Rule 37 as a credible deterrent 'rather than a paper tiger.'" *Update Art, Inc. v. Modiin Pub.*, Ltd., 843 F.2d 67, 71 (2d Cir. 1988)(citations omitted). Indeed, "precluding a party from presenting evidence . . . is strong medicine," but "such orders are necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators." *Daval Steel,* 951 F.2d at 1367 (citation omitted). This is especially the case where the sanction is sought pursuant to Fed. R. Civ. P. 37(b), where the litigant has not only been deficient in discovery but has disregarded a discovery order by the court. "When a party seeks to frustrate [the Federal Rules] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Id.* at 1365.

The Canadian NDG Defendants have made clear through their words and actions that they have no intention of participating in this action or respecting the orders of this Court.  It is extremely likely that they would ignore monetary sanctions, whether issued in the form of attorneys' fees or in the form of daily fines, just as they have ignored the Court's prior orders. The Canadian NDG Defendants know that the Bureau is put at a disadvantage by their withholding the materials sought in discovery. The Bureau should

8

not be further disadvantaged by the Canadian NDG Defendants' failure to participate in this matter – even in the face of a clear order by this Court – by being "sandbagged" by evidence they should have turned over by now. The Canadian NDG Defendants should also not be rewarded for their intransigence. The imposed sanction should attempt to restore the Bureau to the position it would have occupied absent the violation. This goal is most appropriately accomplished by precluding the Canadian NDG Defendants from introducing any withheld evidence to challenge default judgment, and imposing an adverse inference that the withheld documents would have corroborated other evidence upon which the Bureau is forced to rely to establish a reasonably certain damages amount.

### b. Entry of default judgment is also an appropriate sanction in this case.

"Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed." *American Cash Card Corp. v. AT&T*, 184 F.R.D. 521, 524 (S.D.N.Y. 1999)(quoting *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 853 (2d Cir. 1995). Indeed, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

Here, the Canadian NDG Defendants have blatantly ignored this Court's July 20, 2017 order compelling them to respond or object to the Bureau's discovery requests. They previously represented to the Court through an affidavit from their counsel they

"would rather default than bear the costs of discovery, if settlement could not be reached." ECF 143. In fact, their actions since that time demonstrate exactly that. More than four months since the Court's July 20, 2017 Order, the Canadian NDG Defendants still have not responded or objected to the Bureau's discovery requests. This is precisely the type of conduct a default judgment sanction was intended to penalize and the type of conduct that it is intended to deter. Therefore, entry of default judgment pursuant to Rule 37(b)(2)(A)(vi) is an appropriate sanction under these circumstances.

### 3. The duration of the Canadian NDG Defendants' noncompliance weighs in favor of severe discovery sanctions.

The duration of the Canadian NDG Defendants' noncompliance also weighs in favor of preclusion, adverse inference, and entry of default as discovery sanctions. Courts have found noncompliance for a period of several months sufficient to warrant severe sanctions. *See, e.g., Shanghai Weiyi*, 2017 WL 2840279 at * 12 (observing that Courts have granted severe sanctions such as dismissal or default after several months of noncompliance). Durations of noncompliance "as brief as a few months have been held to weigh in favor of dispositive sanctions." *Local Union No. 40*, 88 F.Supp.3d at 265-266 (S.D.N.Y. 2015). Periods of "six months or more weigh even more heavily" toward a dispositive sanction. *Id.* Here, over seven months have elapsed since the Bureau served discovery to the Canadian NDG Defendants at the end of April 2017. Additionally, over four months have passed since this Court issued its July 20, 2017 Order and the Bureau has still received no responses or objections to its discovery.

### 4. The Canadian NDG Defendants received warning from this Court that they could be sanctioned for not complying with the July 20 Discovery Order.

Finally, the Canadian NDG Defendants received more than sufficient warning that a severe sanction was a potential consequence of noncompliance. This Court, in its March 21, 2017 memo endorsement establishing the December 29, 2017 discovery deadline, warned all parties that "there will be sanctions for any efforts to delay discovery." ECF No. 119. More specifically, the Court's July 20, 2017 Order explicitly states that if the Canadian NDG Defendants failed to respond or object to the Bureau's discovery requests, "the Court will entertain a motion for sanctions, including default judgment per Fed. R. Civ. P. 37(b)(2)(A)(vi) against Defendants." ECF 146. In light of these warnings from the Court, the Canadian NDG Defendants "cannot credibly argue that [they were] not sufficiently warned that serious sanctions were imminent." *Guggenhein*, 722 F.3d at 453. Despite very clear warning by this Court that a consequence of noncompliance could be default judgment, the Canadian NDG Defendants continued to ignore the court order.

### V. **CONCLUSION**

For the foregoing reasons, the Bureau requests that the Court render default judgment against the Canadian NDG Defendants, preclude them from offering evidence that they have refused to provide in discovery with respect to the calculation of consumer harm in this matter, and impose an adverse inference that the withheld evidence would corroborate the Bureau's proposed consumer harm estimates in support of a default judgment amount, together with such other relief that the Court deems just and proper.

Dated: November 21, 2017

Respectfully submitted,

KRISTEN A. DONOGHUE
Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director

CYNTHIA LESSER
Assistant Deputy Enforcement Director

/s/ Charles R. Gayle
CHARLES R. GAYLE
Phone: (202)435-9555
E-Mail: charlie.gayle@cfpb.gov
JESSICA DIVINE
Phone: (202)435-7863
E-Mail: jessica.divine@cfpb.gov
SHIRLEY CHIU
Phone: (202)435-7592
E-Mail: shirley.chiu@cfpb.gov

1700 G Street NW
Washington, DC 20552

Attorney for Plaintiff
Consumer Financial Protection Bureau