**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,<br><br>Defendants<br><br>Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.<br><br>Relief Defendants | Case No. 15cv5211 (CM)(RWL) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTIONS FOR VOLUNTARY DISMISSAL (ECF 155) AND FOR SANCTIONS (ECF 157)**

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND BACKGROUND .......... 1

ARGUMENT .......... 2

I. The Court should sanction the Canadian NDG Defendants for their failure to obey the Court's order and participate in discovery .......... 2

II. Dismissal of the Participating Defendants will not cause undue prejudice to the Canadian NDG Defendants .......... 4

III. The Participating Defendants should be dismissed pursuant to Rule 41(a)(2) .......... 5

CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Seidman v. Chobani, LLC*, No. 14-cv-4050(PGG), 2016 WL 1271066 (S.D.N.Y. Mar. 29, 2016) .......... 5

*Small v. Nobel Biocare USA LLC*, No. 06-cv-683(NRB), 2012 WL 4017305 (S.D.N.Y. Sept. 7, 2012).......... 5

## INTRODUCTION AND BACKGROUND

After stating their intent to "settle or default," ignoring this Court's July 20, 2017 Order, and failing to participate in discovery in this case since May, the Canadian NDG Defendants[1] have now resurfaced to challenge the Bureau's recent actions to resolve the case. But the Canadian NDG Defendants complain of a problem that is entirely of their own making. As the Bureau made clear in its motion to compel (ECF 137), the Canadian NDG Defendants have withheld critical information relating to the Bureau's case. This information was neither provided in discovery nor in several attempted settlement negotiations. The Canadian NDG Defendants continue to withhold this information despite the Court's clear Order compelling them to provide it. ECF 146.

Incredibly, the Canadian NDG Defendants do not even claim that they will now begin participating in discovery and complying with the Court's Order. Their strategy of "settle or default" remains unchanged. Having abandoned their defense and flouted the Court's Order and the Federal Rules, the Canadian NDG Defendants do not now get to complain about how the Bureau has decided to resolve its case against them. For the reasons set forth in the Bureau's motion, memorandum of law, and in this reply brief, the Bureau respectfully requests that the Court grant its motions for voluntary dismissal (ECF 155) and for sanctions (ECF 157).

[1] The Canadian NDG Defendants are NDG Financial Corp., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company, Ltd., William Wrixon, and Twillingate Holdings, Ltd.

## ARGUMENT

### I. The Court should sanction the Canadian NDG Defendants for their failure to obey the Court's order and participate in discovery

As the Bureau explained in its opening memorandum, the Court should impose severe sanctions, including default judgment, against the Canadian NDG Defendants for their willful failure to participate in discovery and comply with the Court's July 20, 2017 Order. Severe sanctions are warranted because of the nature and duration of the conduct and because the Court explicitly warned the Canadian NDG Defendants that their noncompliance could result in sanctions, including default judgment. ECF 146. The Canadian NDG Defendants argue, inexplicably, that it is "unfair" to sanction them in the absence of any sanction against the Participating Defendants.[2] They ignore entirely the fact that the Participating Defendants, unlike the Canadian NDG Defendants, did not violate a court order and did not subsequently flout such an order for four months. By seeking sanctions against the Canadian NDG Defendants, the Bureau is indeed seeking to treat the Canadian NDG Defendants differently than the Participating Defendants. But in light of their willful disregard of the Federal Rules of Civil Procedure and the Court's Order, such different treatment is justified and is certainly not unfair.

The Canadian NDG Defendants premise their last-ditch attempt to stave off default upon the idea that their "jurisdictional defenses"– which this Court has rejected - somehow immunize them from complying with the Federal Rules of Civil Procedure and this Court's orders. ECF 164 at 2. This remarkable stance is emblematic of the

[2] The "Participating Defendants," referred to by the Canadian NDG Defendants as the "Sagewood Defendants" are Peter Ash, Sagewood Holdings Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, and 0562752 B.C. Ltd.

blatant disregard for United States laws that the Canadian NDG Defendants displayed as managers and operators of the NDG Enterprise since 2009, as set forth in the Bureau's First Amended Complaint.

The Canadian NDG Defendants offer no excuse, nor could they, for completely disregarding this Court's order to respond to the Bureau's discovery requests or face sanctions. They do, however, attempt to soften their failure to participate in discovery by suggesting that they provided the Bureau with "significant information on an informal basis, outside of the discovery process, about loan volume and other matters." ECF 164 at 2.

This characterization is incomplete, at best. The referenced information was provided in the context of settlement negotiations, and could hardly be described as "significant." As demonstrated in their own exhibit, the Canadian NDG Defendants did provide an estimate of void loans collected during the relevant period, but steadfastly refused to produce any supporting documents. *See* ECF 162-1, ECF 163-1. They refused to provide (1) any documents corroborating their initial general estimate, (2) any documents sufficient to identify harmed consumers, or (3) any documents about their financial condition. *See id.*; *see also* ECF 139, ECF 139-20. The Bureau made clear that it could not engage in good faith settlement negotiations without such information. *See* ECF 162-1, ECF 163-1.

Finally, the Court should preclude the Canadian NDG Defendants from using any withheld evidence to challenge the amount of any default judgment issued pursuant to Rule 55(b), and should grant an adverse inference that any withheld evidence would have corroborated the Bureau's proposed consumer harm estimates in support of a default judgment amount. The Canadian NDG Defendants incorrectly overstate the

breadth of the sanction the Bureau is requesting. The Bureau is not asking that the Canadian NDG Defendants be precluded "from confronting the CFPB's factual and legal arguments in advance of a Rule 55 determination" or from "offering arguments in connection with the calculation of consumer harm." Rather, the Bureau is requesting a narrow sanction that prevents the Canadian NDG Defendants from benefitting from their unfair abuse of the discovery process, any potential efforts to sabotage the Bureau's right to proof to establish a reasonably certain default judgment amount, and blatant disregard for this Court's authority.

## II. <u>Dismissal of the Participating Defendants will not cause undue prejudice to the Canadian NDG Defendants</u>

Dismissal of the Participating Defendants is also appropriate for the reasons discussed in the Bureau's opening memorandum and will not cause undue prejudice to the Canadian NDG Defendants. The Canadian NDG Defendants made clear several months ago that they intended only to "settle or default" and would not participate in discovery. Despite the Court's clear warning that failure to obey its Order could result in sanctions, the Canadian NDG Defendants took no steps—for four months—to comply with the Court's Order or otherwise participate in the action. Though they have now resurfaced to oppose the Bureau's motions, they still do not claim that they will ever attempt to comply with the Court's Order or participate in discovery.

Having chosen to deliberately seek to default in this case, even in the face of a clear order from this Court to produce requested information in discovery, the Canadian NDG Defendants themselves created a scenario in which they would solely bear the burden of the judgment in the event the Participating Defendants managed to avoid liability, through dismissal or at trial. They apparently do not like the results of their

chosen strategy and now amazingly claim to have been prejudiced by it. The Canadian NDG Defendants simply do not have the right to choose which other defendants share in a judgment with them. They will not suffer any prejudice, and certainly not any undue prejudice, if the Participating Defendants are dismissed.

### III. **The Participating Defendants should be dismissed pursuant to Rule 41(a)(2)**

As the Bureau explained in its opening memorandum, Federal Rule of Civil Procedure 41(a) is the appropriate vehicle to dismiss all claims against some but not all defendants in a multi-defendant case. Though there are cases, such as the single case cited by the Canadian NDG Defendants, that dismiss such claims under other rules, the weight of authority among district courts in this Circuit holds that dismissal of all claims against some but not all defendants is appropriate under Rule 41(a). *See, e.g.*, *Small v. Nobel Biocare USA LLC*, No. 06-cv-683(NRB), 2012 WL 4017305, *3 (S.D.N.Y. Sept. 7, 2012) (dismissing all claims against one defendant in a multi-defendant case pursuant to Fed. R. Civ. P. 41(a)(2)); *see also Seidman v. Chobani, LLC*, No. 14-cv-4050(PGG), 2016 WL 1271066, *1 (S.D.N.Y. Mar. 29, 2016) ("District courts within the Second Circuit have . . . adopted the approach of the majority of courts in other circuits—that is, that Rule 41(a) does not require dismissal of the action in its entirety"). Accordingly, dismissal under Rule 41(a)(2) is appropriate here.

Even if the Court were to rule, in the alternative, that amendment under Rule 15(a)(2) is the appropriate vehicle for dismissal of the Bureau's claims against the Participating Defendants, that does not necessarily mean that the Canadian NDG Defendants would be entitled to answer the complaint again. As the Bureau explained in its opening memorandum, it would only amend the complaint to remove the

Participating Defendants as defendants and delete any claims that are specific to them. The claims against the Canadian NDG Defendants would remain the same. Therefore, no further response would be required under Rules 12(a)(1) or 15(a); the Canadian NDG Defendants cite no authority suggesting otherwise. Moreover, any further response would cause unnecessary and unwarranted delay in resolving this case because Canadian NDG Defendants do not intend to participate in discovery or defend the action.

## CONCLUSION

For the foregoing reasons and the reasons stated in the Bureau's Motion for Voluntary Dismissal (ECF 155) and its Motion for Sanctions (ECF 157), the Bureau requests that the Court grant its motion for voluntary dismissal against the Participating Defendants, with each side bearing its own costs and fees, and that the Court render default judgment against the Canadian NDG Defendants, preclude them from offering evidence that they have refused to provide in discovery in any hearing relating to the calculation of consumer harm in this matter, and impose an adverse inference that the withheld evidence would corroborate the Bureau's proposed consumer harm estimates in support of a default judgment amount, together with such other relief that the Court deems just and proper.

Dated: December 1, 2017

Respectfully submitted,

KRISTEN A. DONOGHUE
Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director

CYNTHIA LESSER

Assistant Deputy Enforcement Director

/s/ Charles R. Gayle
CHARLES R. GAYLE
Phone: (202) 435-9555
E-Mail: charlie.gayle@cfpb.gov

JESSICA DIVINE
Phone: (202) 435-7863
E-Mail: jessica.divine@cfpb.gov
SHIRLEY CHIU
Phone: (202) 435-7592
E-Mail: shirley.chiu@cfpb.gov

1700 G Street NW
Washington, DC 20552

Attorney for Plaintiff
Consumer Financial Protection Bureau