UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

CONSUMER FINANCIAL PROTECTION
BUREAU,

Plaintiff,

-against-

NDG FINANCIAL CORP., et al.,

Defendants,

PETER ASH, et al.,

Relief Defendants.
_____ x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  2/5/18
```

No. 15-cv-5211 (CM) (RWL)

## ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS
## CERTAIN DEFENDANTS

McMahon, C.J.:

Plaintiff Consumer Financial Protection Bureau (the "CFPB") has moved pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to voluntarily dismiss with prejudice Defendants Peter Ash, Sagewood Holdings Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, and 0562752 B.C. Ltd. (the "Voluntary Dismissal Defendants").

Defendants NDG Financial Corporation, E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders, Kimberly DeThomas, Jeremy Sabourin, William Wrixon, Emerald Willow Holdings, Ltd., Red River Holdings Company Ltd., and Twillingate Holdings Ltd. (the "Opposing Defendants"), who are in default, oppose Plaintiff's

1

motion. In the alternative, they request that the removal of the Voluntary Dismissal Defendants from this case be done through Rule 15(a)(2) as an amendment to the Complaint.

Rule 41(a)(2) provides, in relevant part, that, except where parties agree to a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Under Rule 41(a)(2), "the essential question is whether the dismissal of the action will be unduly prejudicial to the defendant." *S.E.C. v. Lorin*, 869 F. Supp. 1117, 1119 (S.D.N.Y. 1994) (alterations and internal quotation marks omitted) (quoting *Wainwright Secs. Inc. v. Wall St. Transcript Corp.,* 80 F.R.D. 103, 105 (S.D.N.Y. 1978)). Thus, where a plaintiff moves to dismiss only some defendants, a court may grant a voluntary dismissal "if prejudice will not result to the other [defendants]." *Id.* (quoting *SEC v. Am. Bd. of Trade,* 750 F.Supp. 100, 105 (S.D.N.Y. 1990)).

Opposing Defendants, argue that Rule 41(a)(2) does not allow a court to dismiss only certain defendants because its language only contemplates dismissal of "an action." However, this argument has repeatedly been rejected by courts in this circuit. *See Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (collecting cases); *Frank v. Trilegiant Corp., Inc.*, 2012 WL 214100, at *3 (E.D.N.Y. Jan. 24, 2012).

Opposing Defendants further argue that Plaintiff's agreement to dismiss with prejudice the Voluntary Dismissal Defendants is an adjudication on the merits favorable to those Defendants and, as such, is a concession that its claims against them are meritless. And because, Opposing Defendants argue, Plaintiffs allege a common enterprise between all Defendants and asserts the same allegations against them, Plaintiff's concession should relieve them of liability as well. This argument is rejected out of hand – Plaintiff's agreement simply does not have the legal effect of being a concession that its claims lack merit.

2

Opposing Defendants next assert that dismissing only the Voluntary Dismissal Defendants will be prejudicial to them. Plaintiff is moving to dismiss some Defendants who were involved in the alleged illegal online payday lending scheme at issue in this case for eight years, whereas some of the Defendants who will remain were only involved in the alleged scheme for five months. Opposing Defendants, therefore, argue that they should not bear the burden of the entire alleged misconduct.

Opposing Defendants' arguments, however, have no bearing on whether the dismissal should be approved. Their arguments are better saved for their opposition to Plaintiff's likely motion for default judgment.

Finally, Opposing Defendants argue that, because there is no meaningful distinction between the Voluntary Dismissal Defendants' alleged misconduct and their own, it is incongruous and inequitable to dismiss with the prejudice the claims against those Defendants, but not against them as well. This argument, too, is meritless.

Opposing Defendants' request to effectuate the removal of the Voluntary Dismissal Defendants from the case through an amendment to the complaint is similarly rejected. This is simply a gambit to overcome the fact that these parties are in default.

If the Opposing Defendants have cross-claims against the Voluntary Dismissal Defendants, they are free to file them, bringing those parties in as third-party defendants. But they cannot compel Plaintiff to pursue claims against other parties.

## CONCLUSION

For the reasons stated on the record at that conference, Plaintiff's motion to voluntarily dismiss with prejudice Defendants Peter Ash, Sagewood Holdings Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, and 0562752 B.C. Ltd. is GRANTED.

3

The Clerk of the Court is directed to remove Dkt. No. 155 from the Court's list of pending motions.

Dated: February 5, 2018

Chief Judge

BY ECF TO ALL COUNSEL