

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**JEFFREY BROWN**

jeffrey.brown@dechert.com
+1 212 698 3511 Direct
+1 212 698 0678 Fax

October 2, 2018

**VIA ECF**

Hon. Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Court House
500 Pearl Street, Chambers 1640
New York, New York 10007

Re: Canadian NDG Defendants' Status Report re
*Consumer Financial Protection Bureau v. NDG Financial et al., Case No. 15-cv-5211(CM)*

Dear Judge McMahon:

We write on behalf of the Canadian NDG Defendants[1] in response to the Court's September 25, 2018 Order. (Dkt. 180) The Court has correctly observed that since Your Honor's adoption of Magistrate Judge Lehrburger's report and recommendation in March 2018, the CFPB has not acted. We have tried to engage the CFPB in discussions about the case during this period, but those overtures consistently have been rejected. Indeed, the CFPB even rejected counsel's request to have a call before responding to the Court's order.[2]

The one thing the CFPB has told us during this period (while simultaneously declining to talk settlement) was that its request for sanctions would include only a request for injunctive relief and no monetary penalties. We welcomed that news, as any monetary sanctions would be vastly unfair if levied against the Canadian NDG Defendants, who voluntarily stopped lending in the United States over a year before the CFPB brought suit and whose co-defendants, the "Sagewood" defendants, were voluntarily dismissed from this case by the CFPB without any sanction at all,

---

[1] The Canadian NDG Defendants are: Defendants NDG Financial Corporation, E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders, Kimberly DeThomas, Jeremy Sabourin, and William Wrixon, and Relief Defendants Emerald Willow Holdings, Ltd., Red River Holdings Company Ltd., and Twillingate Holdings Ltd.

[2] We note that the CFPB in its letter then sought procedural relief from Your Honor related to service of process of a nature that we might have consented to, had the Bureau asked.



Hon. Colleen McMahon
October 2, 2018
Page 2

despite having been the owners and operators of the payday lending companies for the majority of their active existence.

In response to the CFPB's representation, we immediately proposed to proceed on a consent basis. See Exh. 1 (June 4, 2018 email). Our clients stopped engaging in payday lending long before this lawsuit was brought. As a result, any proposal for injunctive relief that is meaningfully tailored to the alleged violations is probably something we can agree to (and have already made happen on our own). While of course our ability to successfully negotiate and agree to injunctive relief is not an absolute certainty, it does seem beyond debate that engaging in discussions around it has meaningful potential to save the Court a lot of time and the parties (including the taxpayers) a lot of money, and that we should try.

This is now of course more true than it ever was because, given Judge Preska's decision in *RD Legal Funding*, and the CFPB's appeal thereof, anything the CFPB does in an adversarial context is subject to challenge on the ground that that it lacks the Constitutional authority to act. Furthermore, the CFPB's pending appeal raises the specter that absent settlement our clients will continue to remain in limbo for another year or more while the issue makes its way through the appellate process.

We appreciate that the CFPB can insist on making their contemplated filing for a default judgment and that they can decline to communicate with us, but in light of the foregoing it seems like there is a better way. If your Honor is inclined to suggest it, and if the CFPB would be willing to participate, we think a settlement conference before Magistrate Judge Lehrburger might be a very useful and productive step toward resolving this case quickly.

Sincerely,

*/s/ Jeffrey Brown*

Jeffrey Brown