**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>NDG Financial Corp., Northway Financial Corp., Ltd., Northway Broker, Ltd., E-Care Contact Centers, Ltd., Blizzard Interactive Corp., New World Consolidated Lending Corp., New World Lenders Corp., Payroll Loans First Lenders Corp., New World RRSP Lenders Corp., Peter Ash, Sagewood Holdings, Ltd., Kimberly DeThomas, Jeremy Sabourin, William Wrixon,<br><br>Defendants<br><br>Peter Ash, Sagewood Holdings, Ltd., Paul Ash, Knightsbridge Holdings Ltd., Paul Grehan, 0562752 B.C. Ltd., Kimberly DeThomas, Emerald Willow Holdings, Ltd., Jeremy Sabourin, Red River Holdings Company Ltd., William Wrixon, Twillingate Holdings Ltd.<br><br>Relief Defendants | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 2/4/19<br><br>Case No. 15cv5211 (CM)(RWL)<br><br>[PROPOSED] **STIPULATED FINAL JUDGMENT AND ORDER** |

Plaintiff, the Bureau of Consumer Financial Protection (the "Bureau"), commenced this civil action on July 31, 2015 against Defendants NDG Financial Corp., E-Care Contact Centers, Ltd. ("E-Care"), Blizzard Interactive Corp. ("Blizzard"), New World Consolidated Lending Corp. ("NWCL"), New World Lenders Corp. ("NWL"), Payroll Loans First Lenders Corp. ("PLFL"), New World RRSP Lenders Corp. ("NWRRSP"), (collectively, the "Canadian NDG Defendants"), and Northway Financial Corp., Ltd. ("Northway") and Northway Broker, Ltd. ("Northway Broker") (collectively, the "Maltese Defendants") for violations of the Consumer Financial Protection Act ("CFPA") and for Maltese and Canadian NDG Defendants' violations of the Credit Practices Rule. On December 11, 2015, the Bureau filed an amended complaint adding Kimberly DeThomas, Jeremy Sabourin, and William Wrixon (the "Individual Canadian Defendants") as defendants, among others. On December 2, 2016, the Court denied all Defendants' motions to dismiss, concluding that the Bureau had alleged sufficient facts to state claims for relief under the CFPA and Credit Practices Rule, as well as to establish a *prima facie* case for personal jurisdiction over all Defendants under New York's long-arm statute. ECF 98.

The Bureau, along with the Maltese Defendants, the Canadian NDG Defendants, and the Individual Canadian Defendants (collectively, "Defendants"), agree to entry of this Stipulated Final Judgment and Order ("Order"), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the First Amended Complaint ("FAC").

## **FINDINGS**

1. This Court has jurisdiction over the parties and the subject matter of this action.
2. Venue is proper in this district pursuant to 12 U.S.C. § 5564(f).

2

3. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2414, concerning the prosecution of this action to the date of this Order. Each party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4. Entry of this Order is in the public interest.

5. For the purposes of this Order, Defendants admit the facts necessary for this Court to establish jurisdiction over them and the subject matter of the action, and Defendants also admit the following:

6. The corporate Canadian NDG Defendants – NDG Financial Corp., E-Care, Blizzard, NWCL, NWLC, PLFL, NWRRSPL, Northway Financial Corp., Ltd., and Northway Broker – and the Maltese Defendants (together, the "Corporate Defendants") offered short-term loans to consumers located in the United States through a network of affiliated companies located in Canada and Malta.

7. DeThomas, Sabourin, and Wrixon were officers or directors of the Corporate Defendants beginning in 2009. They became owners of the Canadian NDG Defendants in September 2013.

8. The Corporate Defendants did not obtain licenses to lend to consumers from any state before they marketed and offered loans to consumers.

9. The Corporate Defendants represented expressly or by implication that consumers residing in "Subject States" – states where Defendants' loans violated state licensing or usury laws and consumers were not legally obligated to repay these loans in whole or in part – were obligated to repay loan amounts when such an obligation did not exist.

3

10. The Corporate Defendants reinforced these representations by: (a) sending executed loan agreements; (b) sending demand letters for payment; (c) originating Automated Clearinghouse debit entries from consumer bank accounts; (d) offering and accepting repayment through money service transmitters; and (e) contacting consumers by telephone to demand repayment.

11. The Corporate Defendants also represented that they had the legal right to collect certain loan payments for these loans.

12. The Corporate Defendants collected repayments from consumers in the United States, including those residing in Subject States where the loans were void in whole or in part due to the state's usury limit or licensing requirement.

13. In loan agreements and communications with consumers, the Corporate Defendants represented that they and the loan agreements were not subject to United States federal or state law and instead represented that Maltese law applied.

14. Defendants conditioned some loan agreements upon wage assignment clauses that did not state that the wage assignment clauses were revocable.

## DEFINITIONS

The following definitions apply to this Order.

15. **"Assisting Others"** includes, but is not limited to:
    a. consulting in any form whatsoever;
    b. providing paralegal or administrative support services;
    c. performing customer service functions including, but not limited to, receiving or responding to consumer complaints;
    d. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material including, but not limited to,

4

        web or Internet Protocol addresses or domain name registration for any internet websites, affiliate marketing services, or media placement services;

  e. providing names of, or assisting in the generation of, potential customers;

  f. performing marketing, billing, or payment services of any kind; and

  g. acting or serving as an owner, officer, director, manager, or principal of any entity.

16. **"Board"** means a Corporate Defendant's duly-elected and acting Board of Directors.

17. **"Bureau"** means the Bureau of Consumer Financial Protection.

18. **"Business"** means any commercial activity involving, directly or indirectly, the solicitation of, or transactions with, individuals or entities residing in the United States.

19. **"Consumer Loan"** means a loan offered or provided to an individual, or an agent, trustee, or representative acting on behalf of an individual, for use by the individual primarily for personal, family, or household purposes.

20. **"Corporate Defendants"** means NDG Financial Corp. and its successors and assigns, E-Care Contact Centers, Ltd. and its successors and assigns, Blizzard Interactive Corp. and its successors and assigns, New World Consolidated Lending Corp. and its successors and assigns, New World Lenders Corp. and its successors and assigns, Payroll Loans First Lenders Corp. and its successors and assigns, New World RRSP Lenders Corp. and its successors and assigns, Northway Financial Corp., Ltd. and its successors and assigns and Northway Broker, Ltd. and its successors and assigns.

21. **"Defendants"** means the Corporate Defendants and the Individual Defendants.

22. **"Effective Date"** means the date on which this Order is entered on the docket.

23. **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegee.

5

24. **"Individual Defendants"** means Kimberly DeThomas, Jeremy Sabourin, and William Wrixon, collectively, or in any combination, and each of them by any other names by which they might be known.

## ORDER

### I.

### Permanent Ban on Consumer Lending to Consumers Residing in the United States

**IT IS ORDERED** that:

25. Defendants, and their officers, agents, servants, employees, and all other persons in active concert or participation with any of them who have actual notice of this Order, whether acting directly or indirectly, are permanently restrained from:

(a) advertising, marketing, promoting, offering, originating, servicing, or collecting any Consumer Loan issued to any consumer residing within the United States;

(b) assisting others in advertising, marketing, promoting, offering, originating, servicing or collecting any Consumer Loan issued to any consumer residing within the United States; and

(c) receiving any remuneration or other consideration from providing service to, or working in any capacity for any person or entity engaged in or assisting in advertising, marketing, promoting, offering, originating, servicing or collecting any Consumer Loan issued to any consumer residing within the United States.

6

## II.

## Prohibition on Collection or Sale of Existing Debt

**IT IS FURTHER ORDERED** that:

26. Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who have actual notice of this Order, whether acting directly or indirectly, are permanently restrained from collecting on any Consumer Loan issued prior to the Effective Date by any Defendant to any consumer in the United States, including any efforts to assign, sell or transfer such loan or any other action that would cause anyone to collect on such loan.

## III.

## Prohibited Use of Customer Information

**IT IS FURTHER ORDERED** that:

27. Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who have actual notice of this Order, whether acting directly or indirectly, are permanently restrained from disclosing, using, or benefiting from customer information regarding consumers residing in the United States obtained by Defendants before the Effective Date, including the name, address, telephone number, email address, social security number, financial information, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account).

However, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

## COMPLIANCE PROVISIONS

## IV.

## Reporting Requirements

**IT IS FURTHER ORDERED** that:

28. Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against any Defendant; or a change in Defendants' names or addresses. Defendants must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

29. Within 7 days of the Effective Date, each Defendant must:

   a. Designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendants;

   b. Identify all Businesses for which each Defendant is the majority owner, or that each Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

8

    c. Describe the activities of each such Business, including the products and services offered, and the means of advertising, marketing, and sales.

    d. Identify Individual Defendants' telephone numbers and all email, Internet, physical, and postal addresses, including all residences;

    e. Describe in detail Individual Defendants' involvement in any Business for which he or she performs services in any capacity or which he or she wholly or partially owns, including Individual Defendants' titles, roles, responsibilities, participation, authority, control, and ownership;

    f. If the Individual Defendants do not have any ownership interest or involvement in a Business, state that no such ownership interest or involvement exists.

30. Defendants must report any change in the information required to be submitted under Paragraph 29 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

31. Within 90 days of the Effective Date and again one year after the Effective Date, each Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn under penalty of perjury (Compliance Report), which, at a minimum:

    a. Lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which each Defendant has complied with each such paragraph and subparagraph of this Order;

    b. Attaches a copy of each Order Acknowledgement obtained under Section V, unless previously submitted to the Bureau;

9

  c. After the one-year period, Defendants must submit to the Enforcement Director additional Compliance Reports within 21 days of receiving a written request from the Bureau.

## V.

## Order Distribution and Acknowledgement

**IT IS FURTHER ORDERED** that:

32. Within 7 days of the Effective Date, each Defendant must submit to the Enforcement Director an acknowledgement of receipt of this Order, sworn under penalty of perjury.

33. Within 30 days of the Effective Date, Defendants (and Individual Defendants, for any Business for which he or she is the majority owner or which he or she directly or indirectly controls) must deliver a copy of this Order to each of their board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who have responsibilities related to the subject matter of this Order.

34. For 5 years from the Effective Date, Defendants (and Individual Defendants, for any Business for which he or she is the majority owner or which he or she directly or indirectly controls) must deliver a copy of this Order to any Business entity resulting from any change in structure referred to in Section IV, any future board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of this Order before they assume their responsibilities.

35. Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the

10

requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

## VI.

## Recordkeeping

**IT IS FURTHER ORDERED** that:

36. Defendants (and Individual Defendants, for any Business for which he or she is the majority owner or which he or she directly or indirectly controls) must create, for at least 5 years from the Effective Date, the following business records for any Business: all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendants must retain these records for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

## VII.

## Notices

**IT IS FURTHER ORDERED** that:

37. Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. NDG Financial*, Case No. 15-cv-5211," and send

11

them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

>Assistant Director for Enforcement
>Bureau of Consumer Financial Protection
>ATTENTION: Office of Enforcement
>1700 G Street, NW
>Washington, D.C. 20552

## VIII.

### Compliance Monitoring

**IT IS FURTHER ORDERED** that, to monitor Defendants' compliance with this Order:

38. Within 14 days of receipt of a written request from the Bureau, Defendants must submit additional compliance reports or other requested non-privileged information related to requirements of this Order, which must be sworn under penalty of perjury; provide sworn testimony related to requirements of this Order and Defendants' compliance with those requirements; or produce non-privileged documents related to requirements of this Order and Defendants' compliance with those requirements.

39. For purposes of this Section, the Bureau may communicate directly with Defendants, unless Defendants retain counsel related to these communications.

40. Defendants must permit Bureau representatives to interview, about the requirements of this Order and Defendants' compliance with those requirements, any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

12

41. Nothing in this Order will limit the Bureau's lawful use of compulsory process under 12 C.F.R. § 1080.6.

## IX.

## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

42. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED.**

**Dated** this 4 day of *February*, 2019, at *New York, NY*

*Colleen McMahon*

United States District Judge

13